IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR LEAVE TO PAY**
**PRE-PETITION EMPLOYEE WAGES TO ONE PERSON**

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Sections 363 and 105 of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 6003 and 6004, and moves this Honorable Court for leave to pay pre-petition employee wages to one person, and in support thereof state as follows:

**I.    Introduction**

The Debtor has one non-insider employee (the "Employee").[1] The Employee is paid weekly, at the close of the business week, for work performed through that day. With wages having last been tendered on the business day immediately preceding the petition date herein, such would appear to not be an issue. But, alas, the Employee worked over the weekend. And there is an abiding belief that a failure to pay the Employee her/his full wages, at the close of this calendar week, would (i) invite undue hardship; (ii) compromise morale; and (iii) stir panic that ought not be attendant to a Subchapter V filing.

So the Debtor, being fully cognizant of a need to keep vaguely-proportionate the attorneys' fees incurred in connection with this motion, while being equally cognizant of a need to abide by

---

[1] The Employee's name will be shared with the United States Trustee, any Subchapter V Trustee that may be appointed herein, and counsel of record for any creditors who so inquire. The Employee's name is being withheld from this public filing to shield his/her privacy.

1

the rigors of the Bankruptcy Code and its priority scheme, instantly seeks leave to pay pre-petition wages to one person, in a sum not to exceed $250.00, with the express provision that this person is not a statutory insider and would not be prone to classification as an insider under any prevailing legal construct of the word.

## II.    Standard

Title 11 of the United States Code (the "Bankruptcy Code") permits a debtor, "after notice and a hearing," to use or sell "property of the estate," outside the ordinary course of business. 11 U.S.C. § 363(b)(1). This Honorable Court, in turn, has broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

The Federal Rule of Bankruptcy Procedure openly contemplate relief, such as that sought herein, being afforded on an emergency basis upon the commencement of a case, permitting orders to be entered during the first 21 days of a given case, "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.

## III.    Argument: It is Necessary to Pay Employee Wages

The goal of this case – consistent with the outward objectives of Chapter 11 of Title 11 of the United States Code – is to reorganize the Debtor while it continues to operate as a going concern in its community. A failure to timely pay wages would work demonstrable frustration upon this goal by (i) inflicting undue economic burden upon the Employee; (ii) compromising morale in a business that is labor-intensive; (iii) risking staff attrition; and (iv) calling undue attention to this case. Paying this obligation in a timely manner, however, would work only the slightest burden upon the Debtor while equally reinforcing that a Chapter 11 filing is not synonymous with liquidation or demise.

As observed by the United States Bankruptcy Court for the Southern District of New York, a debtor is permitted to expend funds outside the ordinary course of business, provided such be pegged to some articulable business justification:

> A bankruptcy court is empowered pursuant to § 363 of the Bankruptcy Code to authorize a debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business. Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances. However, the debtor must articulate some business justification, other than mere appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under § 363(b).

*In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir.1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir.1986); *In re Baldwin–United Corp.*, 43 B.R. 888, 905–906 (Bankr. S.D. Ohio 1984)).

The United States Bankruptcy Court for the District of Colorado has more specifically touched upon the justification for paying the pre-petition wages of employees at the outset of a bankruptcy case:

> The Debtor presented evidence that the failure to pay employees "would seriously undermine the morale and loyalty" of its employees and would jeopardize reorganization efforts. This stands to reason. If employees are not paid, "they will leave." And even if employees remain with the Debtor notwithstanding the non-payment of prepetition wages and benefits, "it is probable that their work would be affected by their loss of income." The Court finds that the failure to pay the Debtor's employees their prepetition wages and benefits likely would jeopardize the Debtor's reorganization process.

*In re Escalera Res. Co.*, 2015 WL 7351396, *4 (Bankr. D. Colo. 2015) (quoting *In re CEI Roofing, Inc.*, 315 B.R. 50, 60 (Bankr. N.D. Tex. 2004); *In re Tusa–Expo Holdings, Inc.*, 2008 WL 4857954, *3 (Bankr. N.D. Tex. 2008)).

Simplifying matters in this case, the lone wages proposed to be paid are well below the statutory cap set forth in Section 507(a)(4) of Title 11 of the United States Code and, as such, would give rise to a priority claim if not timely paid. That provision expressly prioritizes claims

for "wages, salaries, or commissions … earned by an individual," to the extent that such (i) not exceed $15,150.00 and (ii) the claim accrued "within 180 days before the date of the filing of the petition…" 11 U.S.C. § 507(a)(4).

As noted *supra*, there is only one employee implicated by this motion. The Employee will be due less than $250.00 in pre-petition wages – a sum that pales in comparison to the numbers imprinted on the schedules *sub judice* but, equally, that is no doubt significant to the Employee. It is altogether sensible to permit this Employee to be paid, in full and without delay.

### IV.     Conclusion

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) permit the Debtor to pay the pre-petition wages of one non-insider employee in a sum not to exceed $250.00; (iii) permit such wages to be paid in accord with the Debtor's normal payroll practices, and without delay, pursuant to the allowances of Federal Rule of Bankruptcy Procedure 6003; and (iii) afford such other and further relief.

*[Signature and Certificate of Service on Following Page]*

|  |  |  | Respectfully Submitted, |
|---|---|---|---|
| Dated: October 2, 2023 |  | By: | /s/ Maurice B. VerStandig |

                                               Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2023, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5