IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | Case No. 23-30352 |
| ) | (Chapter 11) |
| DRAIN SERVICES INC. ) | |
| ) | |
| Debtor. ) | |
| _____) | |

**MOTION TO PURCHASE JETTER MODEL
EASY KLEEN GROUNDHOG WITH ACCESSORIES**

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned counsel, pursuant to Section 363 of Title 11 of the United States Code, and moves for leave to purchase a Jetter Model Easy Kleen Groundhog with accessories, and in support thereof states as follows:

**I.    Introduction**

On or about October 24, 2023, the Debtor purchased a Jetter Model Easy Kleen Groundhog with accessories (the "Equipment") by tendering a check for $29,986.53. Consistent with this Honorable Court's most recent order governing the use of cash collateral (DE #55), the purchase came to the attention of counsel for the Debtor and counsel for other parties in interest on October 27, 2023, when the weekly bank ledger was pulled for circulation and review. Though it is arguably in the ordinary course of Drain Services' business to acquire pieces of industry-specific equipment, and though the Debtor consents to creditors with cash collateral having a replacement lien on such equipment, the purchase is sufficiently large – and was not contemplated in the most recent cash collateral budget – that it seems proper to seek formal leave of court to undertake the transaction.

Lest the cart and horse appear to be rearranged, the Debtor can – and is prepared to – return the Equipment, to the seller, in exchange for a full refund, if leave of court is not granted. The Debtor is also confident that existing policies of insurance will protect the Equipment during the

1

period in which this motion is pending, so as to ensure there is no opportunity for economic degradation to the estate if this motion is denied. For the reasons set forth *infra*, however, the Debtor submits that this acquisition (i) is a reasonable exercise of the Debtor's business judgment; (ii) will advance Drain Services' ability to perform already-contracted work, for which payment will be subsequently received; and (iii) ultimately promotes reorganizational interests.

## II.     Argument: The Purchase Merits Approval

The Debtor operates in a highly specialized industry, requiring niche machinery to undertake bespoke jobs for private and public clients. In the past, Drain Services has relied on the services of a subcontractor, possessing a comparable iteration of the Equipment, to carry out certain work. A job in need of this unique apparatus is currently pending, however, and the Debtor's traditional subcontractor has expressed concerns about traveling in from Bismark, in subpar weather conditions, to carry out the work. As such, the Debtor thought it prudent to acquire the tools necessary to do the work itself, with such tools being chiefly comprised of the Equipment.

Familiarly, a debtor in bankruptcy may "use" property of its estate, "other than in the ordinary course of business," after notice and a hearing. 11 U.S.C. § 363(b). As observed by the United States Bankruptcy Court for the Southern District of New York, "[i]n approving a transaction conducted pursuant to section 363(b)(1), courts consider whether the debtor exercised sound business judgment." *In re Borders Group, Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) (citing *In re Chateaugay Corp.*, 973 F.2d 141, 144–45 (2d Cir.1992); *In re Lionel Corp.*, 722 F.2d 1063, 1072 (2d Cir.1983); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (citing *Lionel Corp.*, 722 F.2d at 1071)).

Here, Equipment is a specialized system designed to help in the cleaning – and navigation – of pipes. As noted by one third party website:

> The Groundhog Jetter from Easy Kleen Pressure Systems is designed to blast through clogged pipes. It is compact and easily transported in a pickup truck or van, with trailer options available. It includes a fully welded, powder-coated 2-inch steel tube frame, drilled and tapped, which houses the 200-gallon water tank constructed with 1/2-inch poly complete with level sights and 16-inch cover. It has a gasoline-driven engine with accessible breather and 10-gallon fuel tank, General Pump with gearbox drive, 12-volt hose reel complete with hose guides, and swivel and foot pedal control. It comes with a 300-foot 3/8-inch jetter hose, an emergency shut-off valve and hour meter. An optional remote includes hose reel-in, motor off/speed control and pressure on/off.

https://www.cleaner.com/g/product-focus/2018/02/jetters-easy-kleen-pressure-systems-groundhog-jetter. A brochure advertising the Equipment (amongst other, similar pieces of machinery) is attached hereto as Exhibit A.

The job on which the Equipment will be utilized is a $410,000.00 project, for which the Debtor has received half of the subject payment upfront (being the monies received on the eve of this bankruptcy being filed), and for which the Debtor will receive additional funds as the job progresses. While not expressly set forth on the Debtor's budget, the anticipated cost of paying a subcontractor to use their variant of the Equipment would have been $45,000.00, so the subject acquisition will actually furnish an ultimate savings of approximately $15,000.00 while also endowing Drain Services with a piece of machinery that can be reused on future jobs. The acquisition does, by these measures, make economic sense and, as such, appears to be an eminently reasonable exercise of the Debtor's business judgment.

With an eye toward protecting the interests of creditors, the Debtor has no objection to Choice Financial and the United States being given a replacement lien on the Equipment. The machinery was acquired with their cash collateral and, though the extant order governing such use does not contemplate hard assets being purchased, all prevailing notions of equity well dictate that transmutation of a party's cash collateral into a hard asset should be accompanied, too, by a replacement lien in favor of that party.

3

Finally, it bears notation that this motion may be superfluous. Drain Services entered bankruptcy with 25 pieces of equipment for which the Debtor had paid $10,000.00 or more, of which seven had a purchase price in excess of the Equipment at issue instantly (albeit with that number including motor vehicles). Purchasing such items may well, accordingly, be within the ordinary course of the Debtor's business, and beyond the purview of that for which judicial leave is required under Section 363 of the Bankruptcy Code. But given various events from the nascent days of this case, and in light of the cost of the Equipment relative to the Debtor's permitted use of cash collateral, it ultimately appears prudent to formally seek authorization for the transaction – while knowing the Equipment can (and will be) returned if such authorization is denied.

### III.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) authorize the Debtor's purchase of the Equipment; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 30, 2023      By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2023, a copy of the foregoing was served electronically upon filing via the ECF system. A copy is also being sent on October 31, 2023, alongside the notice appended hereto, via US Mail, postage prepaid, to all parties on the attached mailing matrix, except (i) the mailing matrix itself is not being included in the subject mailing); and (ii) no copy will be physically mailed to the Debtor or its counsel.

/s/ Maurice B. VerStandig
Maurice B. VerStandig