United States Bankruptcy Court
District of North Dakota

In re:  Case No. 23-30352-skh
Drain Services Inc.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0868-3    User: admin    Page 1 of 2
Date Rcvd: Oct 31, 2023    Form ID: pdf2some    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Drain Services Inc., 415 Main Ave E, Ste 691, West Fargo, ND 58078-5327 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 02, 2023    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2023 at the address(es) listed below:

**Name**    **Email Address**

Caren W. Stanley
    on behalf of Creditor Tony Hamilton cstanley@vogellaw.com
    jnona@vogellaw.com;sthompson@vogellaw.com;kjohnson@vogellaw.com

John D. Schroeder
    on behalf of Creditor Choice Financial Group jschroeder@northdakotalaw.net  karensyrstad@northdakotalaw.net

John William Baker
    on behalf of Creditor John W. Baker  Atty U.S. Small Business Administration john.baker@sba.gov

Kent Rockstad
    on behalf of Creditor USA/SBA Kent.Rockstad@usdoj.gov
    Margo.Kern@usdoj.gov;Amber.Ripplinger@usdoj.gov;usand.bankruptcyeast@usdoj.gov;CaseView.ECF@usdoj.gov

Kent Rockstad
    on behalf of Creditor USA/SBA/IRS Kent.Rockstad@usdoj.gov
    Margo.Kern@usdoj.gov;Amber.Ripplinger@usdoj.gov;usand.bankruptcyeast@usdoj.gov;CaseView.ECF@usdoj.gov

| District/off: 0868-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Oct 31, 2023 | Form ID: pdf2some | Total Noticed: 1 |

Kent Rockstad
    on behalf of Creditor USA/IRS Kent.Rockstad@usdoj.gov
    Margo.Kern@usdoj.gov;Amber.Ripplinger@usdoj.gov;usand.bankruptcyeast@usdoj.gov;CaseView.ECF@usdoj.gov

Maurice VerStandig
    on behalf of Debtor Drain Services Inc. mac@mbvesq.com
    mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Robert B. Raschke
    USTPRegion12.SX.ECF@usdoj.gov

Sarah J. Wencil
    on behalf of U.S. Trustee Robert B. Raschke sarah.j.wencil@usdoj.gov

Thomas Kapusta
    tkapusta@aol.com

Tracy A. Kennedy
    on behalf of Creditor Choice Financial Group tracykennedy@northdakotalaw.net brendadipersio@northdakotalaw.net

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | Case No. 23-30352 |
| ) | (Chapter 11 – Subchapter V) |
| DRAIN SERVICES INC., ) | |
| ) | |
| Debtor. ) | |
| _____) | |

## ORDER GRANTING DEBTOR'S MOTION FOR LEAVE TO USE CASH COLLATERAL

Debtor Drain Services Inc. filed a Motion for Leave to Use Cash Collateral. Doc. 8. Choice Financial Group filed an objection.  Doc. 23. The United States of America, on behalf of the Small Business Administration and the Internal Revenue Service, filed conditional objections.  Docs. 44, 45.  The Court held preliminary hearings on the motion on October 6, 2023, and October 17, 2023, and granted interim relief on the motion.  The Court held a final hearing on the motion on October 31, 2023.

Based on the motion, exhibits and other evidence received during the hearings, the Court finds that use of cash collateral is necessary to avoid harm to the estate.  The Court also finds that the relief provided in this Order is necessary to maintain Debtor's operations during the authorization period. Accordingly, for the reasons stated on the record,

**IT IS ORDERED:**

1. The Motion is GRANTED.

2. Consistent with the weekly budget proposed at the second interim hearing, Debtor is authorized to use not more than $113,000 in cash collateral between October 17, 2023, and December 31, 2023.

3. As adequate protection for Debtor's use of cash collateral, the Court finds that equity in Debtor's property serves as adequate protection for the use of cash collateral. Additionally, Debtor agreed to grant Choice Financial Group, the United States Small Business Administration and the Internal Revenue Service replacement liens on cash generated by Debtor and chattel property purchased by Debtor with cash collateral during the course of its Chapter 11 case up to the full sum of the cash collateral Debtor uses. Accordingly, to the extent Debtor uses prepetition cash collateral in which Choice Financial Group, the United States Small Business Administration and/or the Internal Revenue Service hold a security interest, Debtor is authorized to grant these creditors replacement liens, pursuant to 11 U.S.C. § 552, in Debtor's postpetition cash and chattel property purchased with cash of the same priority, dignity, and effect as the prepetition liens on the prepetition property; provided such replacement liens will not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries from them. The liens and security interests granted shall be effective and perfected without further act by any party.

4. In addition to, and not in lieu of, the adequate protection provided for in the paragraph above, Debtor agreed to pay to Choice Financial Group (i) the sum of $25,000.00, by the close of business on Friday, October 20, 2023; and (ii) the sum of $10,000.00 on or before the 15th day of each successive calendar month until a plan of reorganization is confirmed; these payments will not count against the cash collateral limit noted above.

5. Every Friday, Debtor's counsel must send to counsel for (i) Choice Financial Group; (ii) the United States of America; (iii) the United States Trustee; and (iv) the

Subchapter V Trustee, a digital copy of Debtor's bank activity for the subject week. Upon the request of any such counsel, Debtor must also provide any backup documentation it has for any given transaction. Should the Debtor lack backup documentation for any transaction of a material nature, counsel for any of the parties listed above may ask Debtor to file a motion under Federal Rule of Bankruptcy Procedure 2004 to procure such documentation, and Debtor must file the motion, issue any resulting subpoena permitted by court order, and make good faith efforts to obtain the backup documentation.

Dated: October 31, 2023.

*Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT