# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Drain Services, Inc.,<br><br>            Debtor. | Case No.: 23-30352<br><br>Chapter 11, Subchapter V |

## OBJECTION OF TONY HAMILTON TO DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

Pursuant to 11 U.S.C. §§ 1190 and 1191, Creditor Tony Hamilton ("Hamilton"), by and through the undersigned counsel, hereby objects to confirmation of Debtor's Subchapter V Plan of Reorganization dated November 8, 2023 [Doc. #69] (the "Plan"), for the following reasons:

### BACKGROUND

1. Debtor Drain Services, Inc. ("Debtor") is obligated to Hamilton pursuant to a Settlement Agreement and Confession of Judgment dated July 24, 2023 executed by Hamilton, Debtor, Caitlyn Cameron, and Kevin Cameron (collectively, the "Settlement"). The Settlement resolved a lawsuit brought by Hamilton against Debtor in Cass County District Court, North Dakota, Case No. 09-2021-CV-01677 (the "Litigation").

2. Debtor has failed to list Hamilton as an unsecured creditor in this bankruptcy case for unknown reasons, although the Litigation is identified in Debtor's Statement of Financial Affairs [Doc. #51, page 20 at 7.4].

3. Hamilton has now filed an unsecured claim of $42,132.00. [POC # 12]

**SUBCHAPTER V PLAN REQUIREMENTS**

4. Section 1191(b), (c) and (d) provides in relevant part:

**(b) Exception**.--Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

**(c) Rule of construction**.--For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements:

**(1)** [N/A]

**(2)** As of the effective date of the plan-

**(A)** the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or

**(B)** the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor.

**(3)** [N/A]

**(d) Disposable income.**--For purposes of this section, the term "disposable income" means the income that is received by the debtor and that is not reasonably necessary to be expended— (1) [n/a] (2) for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor. 11 U.S.C. § 1191(b), (c) & (d).

11 U.S.C. § 1191(b), (c) & (d). The Debtor bears the burden of meeting the requirements of

Section 1191. *In re Double H Transportation*, 603 F. Supp at 475; *In re Lapeer Aviation, Inc.*,

2

2022 WL 7204871, * 3 (Bankr. E.D. Mich. Oct. 12, 2022).

5. With respect to treatment of unsecured creditors, the Plan indicates:

> [T]he Debtor has made the difficult decision to honor its obligations to commit Drain Services' "projected disposable income," 11 U.S.C. § 1191(c)(2), to the payment of secured claims over a five year period, knowing that will leave general unsecured creditors without any return herein.

[Doc. 69, page 3]

6. However, the Debtor's own projections for years 2024 to 2028 show there is a "Misc/Reserve" amount left over at the end of each calendar year that totals $350,403.15. [Doc. 71]

7. It is concerning that the Debtor failed to list at least one known unsecured creditor (*i.e.*, Hamilton) on its schedules. However, if its estimate in the Plan of $48,228.58 of non-insider general unsecured claims is accurate, then even adding in Hamilton's claim ($42,132.00) would bring the Class 3 claims to $90,360.58 which is far less than the "Misc/Reserve" amount of approximately $350,000 that Debtor's projections show as being retained by Debtor over the life of the Plan.

8. In sum, the Plan is fatally flawed in that the Debtor has not complied with Section 1191(c)(2)(A) or (B). Hamilton fully joins in the Objection filed by the U.S. Trustee. [Doc. 82]

Dated this 7th day of December, 2023.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR TONY HAMILTON

**Re:**   **Drain Services, Inc.**
         **Case No. 23-30352**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

Sonie Thompson, being first duly sworn, does depose and say she is of legal age and not a party to or interested in the above-entitled matter.

On December 7, 2023, affiant caused the following document(s):

**OBJECTION OF TONY HAMILTON TO DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION**

to be served electronically to the following:

*All CM/ECF participants.*

                    */s/ Sonie Thompson*
                    Sonie Thompson

Subscribed and sworn to before me this 7th day of December, 2023.

                    */s/ Jill Nona*
(SEAL)              Notary Public, Cass County, North Dakota

5290880.1