UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Drain Services, Inc.**                                    Bankr. No. 23-30352

**Debtor**                                    Chapter 11

---

ACTING US TRUSTEE OBJECTIONS TO
DRAIN SERVICES, INC. AMENDED SUBCHAPTER V PLAN
---

The Acting United States Trustee (UST) objects Drain Services, Inc.'s Amended Subchapter V Plan of Reorganization (Plan") (Doc. No. 94.1) In support of her objections, she states the following:

1. The UST has standing to object under 28 U.S.C. § 586 and 11 U.S.C. § 307.

2. Since the original Plan was filed on November 8, 2023 (Doc. No. 69), creditors have filed proofs of claims who were not listed on the original certificate of service for the original Plan:   U.S. Bank, N.A, Badger Daylighting Corporation, and Jefferson Capital System. Given the lack of service on all creditors and the modifications to the Amended Plan that allow a potential recovery to general unsecured creditors, the Amended Plan should be re-noticed to all parties entitled to service,  and unsecured creditors should be permitted to cast a ballot on the plan.

3. <u>Introduction, Plan Overview</u>   (UST obj paragraph 16).  The Plan continues to lack language explaining a consensual versus a non-consensual Plan.  The UST continues to assert that a plan should include the language and the burdens that the Debtor must meet under Section 1191(a) and (b).

4. Introduction, Liquidation Analysis (UST obj paragraph 17). While the UST continues to disagree with the Debtor's description, the UST no longer objects to the language, except to note that the Amended Plan (like the original Plan) is missing a chapter 5 recover analysis.

5. Introduction iii(c) (UST objection paragraph 18): The Amended Plan did not address the UST's objection, but upon further discussions with Debtor's counsel, the UST is satisfied that the interested creditor (Choice) has been given adequate information about the claim and no longer objects.

Article 3

6. UST objections at paragraphs 19-21 are resolved.

Article 4

7. UST objection at paragraph 22. The UST continues to assert that if the creditors are receiving different payments, they should be separately classified, as per 11 U.S.C. 1122. *See* Bankruptcy Law Manual, 5th Ed., § 11:48 ("Each secured claim is ordinarily placed in its own separate class. Secured creditors with interests in liens in different property cannot be classified together as their legal rights are not substantially similar."

Article 6

8. UST objection at paragraph 23. The UST continues to assert that the Debtor should provide a specific list of the leases to be assumed at Article 6.01.

Article 7

9. UST objections are paragraphs 24-27 are moot now that the Debtor is making disbursements.

10. The Amended Plan raises new objections due to the lack of addressing the role of the Subchapter V trustee post-confirmation. *See* 11 U.S.C. § 1183(c)(stating that a subchapter V trusteeship is terminated after substantial consummation of a Plan confirmed under Section 1191(a); therefore, a subchapter V trustee remains for the duration of a Plan if it is confirmed under Section 1191(b) to monitor the Debtor's payments). The UST objects to the Amended Plan to the extent it is not further amended to provide the following:

    A. The plan should explicitly bar the insiders or their related entities from using any funds of the Debtor or otherwise taking any distributions from the Debtor outside of the salary and rent payments provided in the amended projections.

    B. The plan should provide for monthly reporting to the Subchapter V trustee of income, expenditures, and plan payments.

    C. The plan should provide for the Subchapter V trustee to file a periodic report with the Court on the status of the Debtor's compliance with the plan, the amount of any reserves being held by the Debtor and whether any payments are due to the general unsecured creditors. The report should be served on all creditors in the case.

11. UST objection at paragraph 28 is resolved.

<u>Article 9</u>

12. The UST continues to assert her objection at paragraph 29 that the Plan should insert discharge language in the Plan. Subchapter V is a new and evolving area of law and the fact that one plan did not include the language (where there was not objection) does not prevent the Court from considering whether such language is appropriate.

13. The amended Plan adds a new priority payment to Tax Professionals PC d/b/a Arrow Advisors. The professional was not approved to represent the estate under Section

327(a). Further, the proof of claim includes tax return preparation work for Kevin and Caitlyn Cameron and may be objectionable. While that return may include the Debtor's pass-through income, the Debtor is not liable for the expense. The Amended Plan does not make clear why the claim is being given priority treatment.

14. In the Amended Plan at Class 3, the Debtor proposes that any "reserve" over the $100,000 will be paid to Class 2 creditors ahead of Class 2 creditors. The Plan should provide that the Debtor will commit the Class 2 creditors' payments to Class 3, in addition to any reserve over the remaining portion of the Plan.

15. The Amended Plan should address remedies available to general unsecured creditors at Section 1191(c)(3)(A) and (B). The Amended Plan appears to circumvent the requirement that the Debtor is reasonably likely to make all payments under the Plan.

16. The UST continues her substantive objections at paragraphs 3-15 that the Plan discriminates unfairly and is not fair and equitable to Class 3 in violation of Section 1191(b), is filed in bad faith in violation of Section 1129(a)(2) and may not be feasible in violation of Section 1129(a)(11). The large reserve being kept by the Debtor indicates and the failure to commit any payment to general unsecured creditors indicates that the Debtor does not believe its proposed projections are feasible. The Debtor bears the burden to establish the reasonableness of the projections and the necessity of the reserve at confirmation.

WHEREFORE, the UST requests that the Court grant her amended objections herein and such other relief as appropriate.

Dated: December 11, 2023

        MARY R. JENSEN
        Acting U.S. Trustee Region 12

        /s/ Sarah J. Wencil
        Sarah J. Wencil
        Trial Attorney
        IA Atty # 14014
        Office of the United States Trustee
        U.S. Courthouse
        300 South Fourth Street
        Minneapolis, MN 55415
        (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**Drain Services, Inc.**                                    **Bankr. No. 23-30352**

    **Debtor**                                          **Chapter 11**

---

**UNSWORN CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury that on December 11, 2023, I caused to filed electronically the following: Amended Objection, thereby generating service by CM/ECF.

Executed on:    December 11, 2023

    **/s/ Sarah J. Wencil**
    **Sarah J. Wencil**
    **Office of the United States Trustee**