[SUM]                                                                                           Fargo, North Dakota
                                                                                                             [DATE]

## PROMISSORY NOTE

      FOR VALUE RECEIVED, **Drain Services Inc.** (the "Borrower"), a corporation formed and existing pursuant to the laws of the State of North Dakota, promises to pay to the order of **Choice Financial Group** ("Lender"), during regular business hours at 4501 23rd Avenue S, Fargo, North Dakota 58104, or such other place as Lender may from time to time designate, the principal sum of [SUM] ("Loan"), with interest thereon at the rate or rates specified below until paid in full, and any and all other sums which may be owing to Lender by Borrower pursuant to this Promissory Note ("Note"), in accordance with the provisions set forth herein. This Note is secured against all assets of Borrower existing as of October 2, 2023, as memorialized by one or more financing statements previously filed in the North Dakota UCC registry, with this Note being a refinancing of previously-existing and properly-secured obligations of Borrower to Lender.

**1)     PRIMARY BUSINESS TERMS**

a)     *Maturity Date*.  The final and absolute maturity date of this Note ("Maturity Date") shall be two years from the date of this Note's making.

b)     *Interest Rate*.  From the date of this Note until all sums owed on this Note are paid in full, interest shall accrue on the principal balance outstanding under this Note at the rate of eight percent (8%) per annum. Interest shall be calculated on the basis of a 360 days per year factor applied to the actual days on which there exists a principal balance outstanding under this Note.

c)     *Payment*.  Borrower shall repay this Note as follows:

On the first business day following the fourteenth calendar day of each calendar month, Borrower shall be a sum equal to (i) all interest due and outstanding under this note; and (ii) a portion of the principal sum due and owing hereunder, amortized to create equal payments for the fourteen (14) months in which such payments shall be made, and so calculated to avoid any one such payment being larger than any other such payment by any sum greater than One Dollar and No Cents ($1.00).

All payments made under this Note shall be made by such form of check, draft or other instrument as may be approved from time to time by Lender, and shall be payable in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment.  All payments made under this Note shall be applied first to late charges or other sums owed to Lender, next to accrued interest, and then to principal, or in such other order or proportion as Lender, in Lender's sole discretion, may elect from time to time.

d)     *Prepayment*.  Borrower may prepay this Note in whole or in part at any time or from time to time, without penalty or charge.

**2)     DEFAULT AND REMEDIES**

a)     *Events of Default*. Each of the following shall constitute an event of default under this Note ("Event of Default"):

    i)     A default in the payment of any sum due under this Note.

    ii)    A failure to properly insure the collateral securing performance under this Note.

b) *Remedies*. Upon the occurrence of an Event of Default, the Lender shall have all rights and remedies under controlling law.

**3) MISCELLANEOUS**

a) *Assignability*. This Note may be assigned by Lender or any holder at any time or from time to time. This Note shall inure to the benefit of and be enforceable by Lender and Lender's successors and assigns and any other person to whom Lender or any holder may grant an interest in Borrower's obligations under this Note, and shall be binding and enforceable against Borrower and Borrower's personal representatives, successors and assigns.

b) *Negotiable Instrument*. Borrower agrees that this Note shall be deemed a negotiable instrument even if this Note would not qualify under applicable law, absent this Section, as a negotiable instrument.

c) *Choice of Law*. This Note shall be governed by the laws of North Dakota.

d) *Unconditional Obligations*. Borrower's obligations under this Note shall be the absolute and unconditional duty and obligation of Borrower and shall be independent of any rights of set-off, recoupment or counterclaim which Borrower might otherwise have against the holder of this Note, and Borrower shall pay absolutely the payments of principal, interest, fees and expenses required under this Note, free of any deductions and without abatement, diminution or set-off.

e) *Severability*. In the event that any provision of this Note conflicts with applicable law, such conflict shall not affect other provisions of this Note which can be given effect without the conflicting provision, and to this end the provisions of this Note are declared to be severable.

f) *Tense; Gender; Section Headings*. In this Note, the singular includes the plural and *vice versa*; and each reference to any gender also applies to any other gender. The section headings are for convenience only and are not part of this Note.

g) *Time*. Time is of the essence of this Note.

h) *Commercial Loan.* Borrower represents and acknowledges that the Loan extended hereunder is to be used for commercial purposes, and that this Note neither evidences nor supports the extension of a consumer loan or any other form of consumer credit.

**4) CONSENTS AND WAIVERS**

a) *Waiver of Presentment, Etc*. Borrower waives presentment, notice of dishonor and protest.

b) *Consent to Extensions, Etc*. From time to time, without affecting any of the obligations of Borrower under this Note, without giving notice to or obtaining the consent of Borrower, and without liability on the part of Lender, Lender may, at Lender's option, extend the maturity of this Note, or any payment due under this Note, reduce the amount of any payments under this Note, release anyone liable on any amount due under this Note, accept a renewal of this Note, modify the terms of payment of any amounts due under this Note, join in any extension or subordination agreement, release any security for the Note, or take or release any other or additional security.

*[Continued on Following Page]*

IN WITNESS WHEREOF, Obligor has duly executed this Note under seal as of the date first written above.

**Drain Services Inc.**

_____(SEAL)
By: Kevin Cameron
Its: Authorized Agent