**DECLARATION OF THE DRAIN SERVICES CLASS 3 TRUST**

This Declaration of Trust is made on this _____ day of _____, 2024 by Drain Services, Inc., a corporation existing pursuant to the laws of the State of North Dakota (the "Settlor"):

1.  **Appointment of Trustee.** The Settlor hereby appoints Drain Services, Inc., a corporation existing pursuant to the laws of the State of North Dakota (hereafter referred to as the "Trustee"), as the initial Trustee of this trust, and the Trustee hereby accepts such appointment to act as Trustee hereunder.

2.  **Transfer in Trust.** The Settlor hereby creates this trust and transfers to Trustee the property described on the attached Schedule "A." The Trustee hereby accepts assignment of such property to be held according to the terms of this trust.

3.  **Trust Name.** This trust shall be referred to as the "Drain Services Class 3 Trust" (herein referred to as the "Trust").

4.  **Trust Beneficiaries.** The beneficiaries of this Trust shall be those persons (whether natural or legal) holding allowed class 3 claims in the case of *In re Drain Services Inc.*, Case No. 23-30352 (Bankr. D. N.D. 2023) (the "Bankruptcy Case"), as further defined by a confirmed plan of reorganization (the "Plan") in the Bankruptcy Case.

5.  **[Intentionally Omitted]**

6.  **Distributions.** Commencing on the first business day after February 15, 2029, and continuing on the first business day after the 15th day of each succeeding calendar month, the Trustee shall distribute to the beneficiaries, *pari passu*, all cash and cash equivalents being held by the Trust, *except* the Trustee may (i) retain such monies – not to exceed $500.00 – as are necessary to effectuate the maintenance of a bank account; (ii) reserve such monies as may be needed for the

payment of taxes, professional fees, or other lawful obligations of the Trust; and (iii) forbear from making distributions to any one or more beneficiaries until such a time as said distribution shall be in a sum of not less than $25.00.

7. **Revocable Trust.** This Trust may only be altered, amended or revoked with leave of the United States Bankruptcy Court for the District of North Dakota (the "Bankruptcy Court") or, should said court lack subject matter jurisdiction, and only if said court lacks subject matter jurisdiction, then by any federal or state court situated in the State of North Dakota. Should any power or interest be held, retained or hereafter acquired by the Settlor or Trustee which would cause or appear to cause the Trust estate for any reason to be subject to the claims of any creditors, the Settlor and Trustee shall be permitted to abandon or release any such powers or interests.

8. **[Intentionally Omitted].**

9. **Administration Following February 15, 2031**. After February 15, 2031, the Trustee, acting in the Trustee's sole discretion, is authorized (but not required) to make the election to terminate this Trust and distribute all remaining Trust assets (i) first to the payment of any outstanding administrative obligations of the Trust; and (ii) second to the parties identified in Section 4 hereof.

10. **Powers and Duties of Trustee.** The Trustee shall have all powers conferred upon trustees by law, including, but not by way of limitation, those powers enumerated in Section 59-09-01, *et seq.* of the North Dakota Century Code, and in addition, shall have those powers and duties listed below.

    a. **Management of Trust Property**. The Trustee, acting reasonably and for the benefit of the Trust beneficiaries, shall have the following additional specific powers:

      i.      To accept additions of property to the Trust, whether made by the Settlor, by any beneficiaries hereunder, or by anyone interested in such beneficiaries.

      ii.      To create new accounts with banking, credit union, brokerage, or other financial institutions to hold trust funds under terms as the Trustee shall determine.

      iii.      To institute, compromise, and defend any actions and proceedings before any court, tribunal or agency as the Trustee shall determine necessary for the benefit of the beneficiaries hereunder.

      b.      **Compensation of Trustees**. The Trustee shall not receive compensation for services rendered hereunder if the Trustee is the Settlor; provided, however, that a Trustee who is also an attorney licensed to practice law before the highest court of any state shall be compensated for services rendered by the Trustee at such rate as the Trustee shall customarily charge to clients. The foregoing notwithstanding, any Trustee judicially appointed pursuant to Section 12(a) hereof shall be entitled to collect compensation in accord with governing law.

      c.      **Power to Appoint Agents**. The Trustee is authorized to employ attorneys, accountants, investment managers, specialists, and such other agents as the Trustee shall deem necessary or desirable. The Trustee may charge the compensation of such attorneys, accountants, investment managers, specialists, and other agents against the Trust, including any other related expenses.

      d.      **Trustee's Liability**. Except for the Trustee's own intentional and malicious breach of trust, bad faith, or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of the Trustee's duties under this trust agreement.

e. **Indemnity**. The Trustee shall, from the Trust assets, both principal and income, be indemnified and held harmless from and against any and all loss, cost, expense, and damage (including any reasonable attorneys' fees) incurred by the Trustee arising out of or in any way connected with this Trust, the administration thereof, or related to any assets contained herein or for any other reason whatsoever.

f. **Exoneration of Persons Dealing with a Trustee**. No person dealing with the Trustee shall be obligated to ensure that the application of any money or property paid or delivered to the Trustee has been properly paid or applied by the Trustee, nor shall any such person be required to inquire into the expediency or propriety of any transaction or the authority of the Trustee to enter into and consummate the same.

11. **[Intentionally Omitted].**

12. **Successor Trustees.**

a. **Successor Trustee**. Upon the occurrence of vacancies in Trusteeship hereunder, the Bankruptcy Court may appoint a successor Trustee upon the filing of an action seeking such appointment by any individual interested hereunder. The Office of the United States Trustee shall be expressly recognized as an individual interested hereunder for purposes of this Section 12(a). Any beneficiary or party in interest may petition the Bankruptcy Court to remove the Trustee, at any time, for cause shown.

b. **Resignation of Trustee and Accounting**. Any Trustee and any successor Trustee shall have the right to resign at any time by rendering a proper accounting and by written notice to the Bankruptcy Court.

    c.    **No Liability of Successor Trustee**. No successor Trustee shall be liable for the acts, omissions, or default of the prior Trustee(s). Unless requested in writing by a beneficiary of a trust hereunder within sixty (60) days of appointment, no successor Trustee shall have any duty to audit or investigate the accounts or administration of any such Trustee, and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the trust.

    d.    **Trustee Actions**. Any Trustee may freely act under all or any of the powers of this agreement given to the Trustee in all matters concerning the Trust without the necessity of obtaining the consent or permission of any person interested herein, or the without the necessity of obtaining the consent or approval of any court.

    e.    **Bond**. No bond shall ever be required of any Trustee hereunder, unless requested by a majority of the beneficiaries hereunder, in which event the Trust estate shall pay for such bond or shall reimburse the Trustee for any payment made by the Trustee for a bond.

**13.**    **General Provisions.**

    a.    **Severability**. If any portion of this Trust shall be determined to be unenforceable, the remaining portions shall, nevertheless, be carried into effect to the extent that the Grantor's overall intentions as expressed herein can be accomplished.

    b.    **Number, Gender, Definitions**. Where applicable, the masculine includes the feminine, and vice versa.

*[Continued on Following Page]*

IN WITNESS WHEREOF, the Grantor has executed this declaration of trust on the day and year above written.

DRAIN SERVICES INC.

_____

By: Kevin Cameron
Its: Authorized Agent

## ACCEPTANCE OF APPOINTMENT

Drain Services Inc. hereby accepts the appointment as the initial Trustee of the Trust.

DRAIN SERVICES INC.

_____

By: Kevin Cameron
Its: Authorized Agent

## Schedule A

A promissory note for the payment of $60,999.12.