IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO SUBCHAPTER V TRUSTEE
OBJECTION TO DRAIN SERVICES, INC SUBCHAPTER V PLAN**

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned proposed counsel, in response to the Subchapter V Trustee Objection to Drain Services, Inc. Subchapter V Plan (the "Objection," as found at DE #114) filed by Thomas Kapusta (the "Trustee") and states as follows:

**I.     Introduction**

The Trustee objects to confirmation of Drain Services, Inc.'s Subchapter V Plan (the "Plan," as found at DE #108) on the basis that the Debtor's "inability to pay timely the Court approved Trustee fee application calls into question Debtor's financial ability to make payments as required under the bankruptcy filing and is contrary to confirmation requirements…" Objection, DE #114, at ¶ 5. While the Trustee's concerns are well taken, the underlying assertion is at odds with the record herein.

Lest the forest be missed for the trees, the Objection raises two issues – one openly and one passively. The first issue (being openly raised) is a question of feasibility. The Plan is feasible and the Debtor is compliant with this Honorable Court's order governing the payment of the Trustee's fees. The second issue (being raised passively and in a markedly dignified manner at that) is a letter sent to the Trustee by the Debtor's representative (the "Correspondence"). The correspondence is impolitic, unnecessary, and a missive now fully cloaked in the threads of regret.

1

And while this ought not impact analysis of the Plan's confirmation under any prevailing legal standard, it is nonetheless an item the Debtor wishes to address and for which the Debtor equally wishes to apologize.

## II.     Argument: The Plan is Feasible

Addressing the legal issue first, the Plan is feasible. The Trustee premises his objection on the notion that the Debtor's failure to pay the whole of an interim fee order, pre-confirmation, portends poorly of the Debtor's ability to make payments under the Plan. This is errant both in light of the language of the Plan and, too, in light of the language of the application underlying the interim fee award.

Starting with the Plan, it proposes – as it must, under Title 11 of the United States Code – that "[e]ach holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor." Plan, DE #108, at § 3.02. The same section goes on to note that the Debtor's counsel has agreed to be paid on slightly-deferred terms. *Id.* And the projections attached to the Plan reserve money for the payment of administrative expense claims over the first three months of the Plan. *Id.* at Exhibit J.

It appears the Trustee is not willing to agree to have his fees paid beyond the effective date of the Plan, and such is certainly his right and prerogative. As such, any fees owed to the Trustee will need to be paid within 14 days of a confirmation order being entered. The earliest date on which such fees could come due is February 12, 2024 (being 14 days after the currently-scheduled confirmation hearing). The Debtor will have funds on hand sufficient to pay the residue of the interim fees at that time.

The Debtor has made adequate protection payments to Choice Financial Group every month since this case commenced. Those payments currently come due on the 15th of each month, are currently in the sum of $5,934.03, DE #107, and will terminate upon confirmation of the Plan. In lieu of making an adequate protection payment in February 2024, the Debtor will pay the remainder of the funds due to the Trustee, per his interim fee award. And such will ensure that the Debtor, sticking with its extant and now well-established monthly cash flow, *will* have funds sufficient to pay the Trustee's fees when due.

Equally, the effective date is when those fees will be due – not sooner. The Trustee's Objection suggests, *inter alia*, that the Debtor's contention of the effective date being the due date is errant because "[t]he Court did not place such a stipulation on fee payment." Objection, DE #114, at ¶ 4. But this appears to be an misplaced assertion. The application underlying the interim fee award expressly asks, *inter alia*, this Honorable Court to "direct the Debtor, as debtor-in-possession, to pay the balance of such fees and expenses to the Applicant from Debtor account as such funds become available without adversely affecting the ability of the Debtor to pay its ongoing expenses and otherwise perform the obligations of the Debtor as debtor-in-possession. . ." DE #65 at p. 3.

When the interim fee application was approved, such was done through entry of a docket text entry, sans an accompanying order, approving the application. DE #98. And it may be accordingly understood that this Honorable Court granted the relief requested – no more and no less. That relief included the conditional language permitting the Debtor to pay the interim fees as funds are available, "without adversely affecting the ability of the Debtor to pay its ongoing expenses." Since the Debtor has remained obligated to make adequate protection payments to a

3

secured creditor (with those payments lessening the total debt owed the creditor), the Debtor has only deemed it advisable to pay a portion of the interim fees.

This is not meant as a smart-alecky or hyper-technical construction of the record. The Debtor is legally required to pay administrative expense claims on or before the effective date of a plan. 11 U.S.C. § 1129(a)(9). The Debtor has always regarded this as the date by which fees would be due to the Trustee, knowing the Debtor's counsel was agreeable to payment on slightly-deferred terms. Had the Debtor believed such fees would be sooner payable, the Debtor would have either (i) not agreed to the ongoing making of adequate protection payments; or (ii) objected to the interim fee application of the Trustee solely insofar as such sought an order directing an administrative expense obligation be paid sooner than required under the Bankruptcy Code.

### III.  The Correspondence

As noted above, there is a second element to the Objection that merits discussion: the Correspondence. The Trustee, in what is very much a show of his professionalism and dignity, has not made much ado about this letter in his Objection. But the letter is still there and the Debtor would be remiss to not address it.

The Correspondence is unprofessional, unnecessary, and ill-conceived. There was no meritorious reason for the Debtor's principal to use the language that he did, and the Debtor's principal greatly regrets doing so.

There is a temptation to note that the bankruptcy process can be stressful, that good people have bad days, and that monetary topics are especially sore ones for those who are financially imperiled. But engaging those theories would be to miss that the Correspondence is improper – period. Plenty of debtors find their way into this Honorable Court and plenty of debtors complete the Chapter 11 obstacle course without resorting to throwing rhetorical spears at their trustees.

4

The Debtor apologizes for the Correspondence. There is no excuse for the letter to have been drafted, much less sent, and it is a point of regret.

### IV. Conclusion

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) overrule the Objection; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 17, 2024    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

Seen and signed as to Section III:

DocuSigned by:
1/17/2024
2089371EE07E4E9...
Kevin Cameron
Vice President
Drain Services, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5