IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**FIRST INTERIM APPLICATION OF THE
DAKOTA BANKRUPTCY FIRM FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
IN CONNECTION WITH REPRESENTATION OF DRAIN SERVICES, INC.**

Come now Maurice B. VerStandig and The Dakota Bankruptcy Firm (collectively, "DBF"), former counsel for the above-captioned debtor (the "Debtor" or "Drain Services"), pursuant to Section 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for interim allowance of compensation of (i) $14,970.00 in attorneys' fees; and (ii) reimbursement of $498.16 in expenses; (iii) to be credited against $6,762.00 being held in trust for the benefit of the Debtor; resulting in (vi) an administrative claim in the amount of $8,706.16, and in support thereof state as follows:

**I.    Introduction**

This is a Subchapter V proceeding where the Debtor is endeavoring to reorganize through operation of a regional drain-and-plumbing-centric business. The case was occasioned by an ongoing dispute with the Debtor's secured lender, Choice Financial Group, with various governmental creditors being key stakeholders from the outset of the proceeding and certain unsecured creditors assuming a more active role as the case has progressed.

With an amended plan of reorganization now pending before this Honorable Court, and a confirmation hearing being scantly a week in the future, this application is filed to establish the interim fees due and payable to the Debtor's general reorganization counsel. No doubt, more time

1

(and, potentially, more expenses) will be incurred in the coming days and weeks, but as the Debtor focusses on a post-confirmation existence, with a plan calling for administrative claims to be paid over several months, it is sensible to seek approval of the fees and expenses thus far incurred.

**II.     Recitations Pursuant to Applicable Law**

1. The services for which compensation is herein sought were performed between October 2, 2023 and January 20, 2024. Maurice VerStandig performed all billable work.

2. Complete time records for attorney work are appended hereto as Exhibit A. Portions of the time records have been redacted to protect privileged information from public disclosure. To the extent this Honorable Court believes it necessary to review the redacted time entries, so as to assess this application, DBF asks this application be construed as a motion, pursuant to Local Rule 5005-3(A) and the ECF User's Manual, to file the subject records under seal.

3. Records of expenses incurred are included in the time records appended hereto as Exhibits A.

4. No prior interim fee applications have been filed in this case and, as such, no prior compensation has been taken or allowed. DBF was, however, paid $3,238.00 for pre-petition services and the payment of a Chapter 11 filing fee.

5. The retainer being held by DBF was paid by the Debtor.

6. The compensation sought hereunder, if approved, will be paid through (i) exhaustion of the retainer and (ii) allowance of an administrative expense claim in the amount of $8,706.16. DBF does not seek an order directing the Debtor to pay any allowed administrative claim immediately but, rather, is amenable to being paid pursuant to the terms of a confirmed plan of reorganization.

7. There is no agreement for DBF to share compensation with any third party, though (i) DBF is operated by the same professionals and laypersons as The VerStandig Law Firm, LLC, a law firm that is wholly owned by Maurice VerStandig; and (ii) fees earned by DBF are paid to The VerStandig Law Firm, LLC and used to cover that entity's general overhead expenses, including salaries paid to non-attorney staff persons.

### III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded – and compensation requested – for each such project category is as follows:

   a. Case Administration – 15.8 Hours – $4,740.00
   b. Claims Administration and Objections – .9 Hours – $270.00
   c. Plan and Disclosure Statement – 33.2 Hours – $9,960.00

### IV. Hourly Rate

Pursuant to DBF's pre-petition agreement with the Debtor, time has been billed in this case at the reduced rate of $300.00 per hour. DBF has charged time at the rate of $400.00 per hour for other cases in this Honorable Court, and DBF's principal generally charges new clients at rates between $450.00 and $500.00 per hour for work in other judicial districts.

### V. Travel Time and Expenses

DBF does not seek compensation for time spent traveling to and from North Dakota, nor reimbursement for the expenses incurred in connection with such travel. As such, while there have been in-person court appearances occasioned by these cases, the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars.

3

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

**VI.     Description of Services Rendered**

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of these cases, whether in the form of papers filed or the notation of hearings attended. By way of a generalized description, however, DBF notes that services included the following:

      a.     Advising the Debtor in connection with case-opening matters;

      b.     Preparing the Debtor for the initial interview with the Office of the United States Trustee as well as the meeting of creditors, while attending both of those events with the Debtor;

      c.     Attending a status conference and filing a report in advance of that conference;

      d.     Working with the Debtor to prepare monthly operating reports;

      e.     Engaging in motions practice, both by way of "first day" motions and subsequent motions, including one aimed at addressing the Debtor's post-petition acquisition of a certain piece of equipment;

      f.     Working with the Debtor to manage various issues attendant to the use of cash collateral;

      g.     Preparing a plan of reorganization and an amendment thereto, including negotiations with creditors;

      h.      Reviewing claims filed by various creditors; and

      i.      Attending various hearings.

**VII.   Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) approve and ratify the fees sought herein in the gross sum of $15,468.16, on an interim basis; (ii) permit The Dakota Bankruptcy Firm to apply the retainer of $6,762.00 it is holding against the approved fees and expenses; (iii) allow The Dakota Bankruptcy Firm an administrative claim of $8,706.16, being comprised of the total allowed interim compensation less the foregoing retainer; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 21, 2024      By:    /s/ Maurice B. VerStandig
      Maurice B. VerStandig, Esq.
      The Dakota Bankruptcy Firm
      1630 1st Avenue N
      Suite B PMB 24
      Fargo, North Dakota 58102-4246
      Phone: (701) 394-3215
      mac@dakotabankruptcy.com

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit B (but not of this application or the other exhibits) is being sent, on the 22nd day of January, 2024, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit C.

/s/ Maurice B. VerStandig
Maurice B. VerStandig