IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### MOTION TO APPROVE COMPROMISE OF CLAIM AGAINST
### STATE OF SOUTH DAKOTA AND ITS EXECUTIVE OFFICER

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, and moves this Honorable Court to approve a compromise of the Debtor's claims against the State of South Dakota and Michael Houdyshell, the Secretary of the South Dakota Department of Revenue ("the Department"), in his official capacity, and in support thereof states as follows:

I.   **Introduction**

The Debtor filed suit against South Dakota and Sec. Houdyshell to stop sales taxes from being levied on the services of Subchapter V trustees operating in this Honorable Court. The Department thereafter provided guidance on the taxability of trustee services for North Dakota bankruptcy proceedings, which seemingly leaves nothing for the parties to contest.

II.   **Standard**

The Federal Rules of Bankruptcy Procedure permit approval of a settlement or compromise after notice and a hearing. Fed. R. Bankr. P. 9019. In assessing such a motion, this Honorable Court has previously observed:

> [T]he standard for evaluation is whether the settlement is fair and equitable and in the best interests of the estate. The court need only ensure the settlement does not fall below the lowest point in the range of reasonableness. In assessing the reasonableness of a settlement, the court considers: (A) the probability of success in the litigation; (B) the difficulties, if any to be encountered in the matter of

1

> collection; (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Racing Services, Inc.*, 2017 WL 10439850, at *3 (Bankr. D.N.D. 2017) (quoting *Ritchie Capital Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278–79 (8th Cir. 2015) (citing *Tri–State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008))).

**III.     The Resolution**

The Department has issued the following guidance on the taxability of trustee services:

> A Subchapter V Trustee is not subject to South Dakota sales tax on services provided within the official scope and duty as an appointed Subchapter V Trustee for North Dakota bankruptcy proceedings for any such services provided on or after October 1, 2023.

The foregoing one sentence resolves the matter and has been carefully discussed by counsel for the Debtor and counsel for the Department. The resolution is intentionally plain in nature, is intended to ensure this issue not again be visited upon this Honorable Court, and is believed to moot the matter of *Drain Services v. Houdyshell*, Case No. 23-07017 (Bankr. D.N.D. 2023) (the "Adversary Proceeding").

**IV.     Argument: The Compromise Should be Approved**

Drain Services filed suit, contending South Dakota's levying of sales taxes on Subchapter V trustee services in this Honorable Court to be unconstitutional. The Debtor's counsel promptly reached out to counsel for the Department. Some substantive conversations ensued and, in laudably expedient order, the Department issued guidance concerning trustee services.

Applying the *Ritchie* factors, Drain Services believes it would have been successful on the merits of this litigation, for reasons expounded upon in its complaint and ensuing summary judgment motion. But Drain Services also does not believe such success would have yielded any result greater than what ensues from the Department's guidance concerning trustee services. And,

in point of fact, the Department's guidance could potentially give rise to a motion to dismiss the Adversary Proceeding for lack of subject matter jurisdiction. *See In re Strong*, 312 B.R. 378, 380 (B.A.P. 8th Cir. 2004) ("When a case no longer presents an actual ongoing controversy, the case is moot and the court lacks the requisite subject matter jurisdiction to hear it.") (citing *Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998)). *But see Kiviti v. Bhatt*, 80 F.4th 520, 532 (4th Cir. 2023) (". . . since bankruptcy courts are not Article III courts, they do not wield the United States's judicial Power. So they can constitutionally adjudicate cases that would be moot if heard in an Article III court.") (citing *Stern v. Marshall*, 564 U.S. 462, 503 (2011)).

The second *Ritchie* factor concerns collection. This is inapplicable since Drain Services did not seek monetary relief in the Adversary Proceeding. And, in any event, the creditworthiness of the State of South Dakota is not questioned. Nor is the third factor – the complexity of the litigation and resulting expense – applicable, since the Debtor's counsel agreed to handle this case on a *pro bono* basis. It does, however, bear notation that any constitutional challenge to the laws of a sovereign state is, almost by definition, somewhat complex.

The fourth factor is the interests of creditors, and those are well served by this compromise. The Debtor's estate will not need to pay sales taxes and, in turn, that will free up money for distribution to creditors. The creditor base could not have achieved a greater resolution through continued litigation, and the compromise accordingly well serves their respective interests.

**V.     Conclusion**

The parties have not entered into a formal settlement agreement, but (i) the State of South Dakota has already conveyed its position to the Subchapter V trustee herein, so as to ensure he not collect further sales taxes; and (ii) attached hereto is an e-mail from counsel for the State of South

3

Dakota, acknowledging review of a draft of this motion, and it is reasonably anticipated no objection will be forthcoming.

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) approve the compromise; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 22, 2024     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January, 2024, a copy of the foregoing was served electronically upon filing via the ECF system and tendered to a third party mailing agent, for service on January 23, 2024, via first class mail, postage prepaid, upon all parties on the attached mailing matrix. A copy is also being sent, of even date herewith, via e-mail, to:

John T. Richter, Esq.
Senior Litigation Counsel
Investigative Services Bureau Director
John.Richter@state.sd.us

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5