UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 23-30352 |
|---|---|
| Drain Services, Inc., | Chapter 11, Subchapter V |
| Debtor. | |

## OBJECTION OF TONY HAMILTON TO
## DEBTOR'S SUBCHAPTER V AMENDED PLAN OF REORGANIZATION

Pursuant to 11 U.S.C. § § 1190 and 1191, Creditor Tony Hamilton ("Hamilton"), by and through the undersigned counsel, hereby objects to confirmation of Debtor's Subchapter V Amended Plan of Reorganization [Doc. #108] (the "Plan"), for the following reasons:

### BACKGROUND

1. Debtor Drain Services, Inc. ("Debtor") is obligated to Hamilton pursuant to a Settlement Agreement and Confession of Judgment dated July 24, 2023 executed by Hamilton, Debtor, Caitlyn Cameron, and Kevin Cameron (collectively, the "Settlement"). The Settlement resolved a lawsuit brought by Hamilton against Debtor in Cass County District Court, North Dakota, Case No. 09-2021-CV-01677 (the "Litigation").

2. Hamilton has filed an unsecured claim of $42,132.00. [POC # 12]

### SUBCHAPTER V PLAN REQUIREMENTS

3. Section 1191(b), (c) and (d) provides in relevant part:

**(b) Exception.**--Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair

and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

**(c) Rule of construction**.--For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements:

**(1)** [N/A]

**(2)** As of the effective date of the plan-

**(A)** the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or

**(B)** the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor.

**(3)** [N/A]

**(d) Disposable income.**--For purposes of this section, the term "disposable income" means the income that is received by the debtor and that is not reasonably necessary to be expended— (1) [n/a] (2) for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor. 11 U.S.C. § 1191(b), (c) & (d).

11 U.S.C. § 1191(b), (c) & (d). The Debtor bears the burden of meeting the requirements of Section 1191. *In re Double H Transportation*, 603 F. Supp at 475; *In re Lapeer Aviation, Inc.*, 2022 WL 7204871, * 3 (Bankr. E.D. Mich. Oct. 12, 2022).

4. Hamilton joins in the objection of the US Trustee on the grounds that the reporting method set forth in Section 8.09 of simply filing monthly bank statements is insufficient as it should also provide for, at a minimum, the filing of a detailed quarterly report showing income, expenses, and itemized plan payments.

5. Additionally, the US Trustee's point that the Trust document does not specify how creditors can enforce the Trust if payments are not made because it doesn't contain a remedy provision is well taken, as is the point that the Debtor is unlikely to enforce any default because the trustee is an insider of the Debtor.

Dated this 23rd day of January, 2024.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR TONY HAMILTON

3

**Re:   Drain Services, Inc.**
      **Case No. 23-30352**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

Sonie Thompson, being first duly sworn, does depose and say she is of legal age and not a party to or interested in the above-entitled matter.

On January 23, 2024, affiant caused the following document(s):

**OBJECTION OF TONY HAMILTON TO
DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION**

to be served electronically to the following:

*All CM/ECF participants.*

      */s/ Sonie Thompson*
      Sonie Thompson

Subscribed and sworn to before me this 23rd day of January, 2024.

      */s/ Jill Nona*
(SEAL)      Notary Public, Cass County, North Dakota

5323406.1