IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DRAIN SERVICES INC., | ) | |
| | ) | Adversary Case No. 24-07001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH PFAU | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CECILIA PFAU | ) | |
| | ) | |
| Defendants. | ) | |

### **COMPLAINT**

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against Joseph Pfau ("Mr. Pfau") and Cecilia Pfau ("Ms. Pfau") (collectively, the "Defendants," and each a "Defendant") states as follows:

### **Introduction**

1. This is a suit for breach of contract or, in the alternative, promissory estoppel or unjust enrichment, premised upon the Defendants' ongoing efforts to retain the benefits of the Debtor's work without paying the reasonable value thereof.

1

2. The Defendants – residents of Moorhead, Minnesota at all times relevant to this suit (but potentially not presently) – experienced sewer-centric issues and engaged Drain Services to investigate and cure the problem. Drain Services, in turn, identified a sewer main connection had been crushed, with additional issues stemming from a negative "grade" that was essentially causing the sewer to backup into the Defendants' home.

3. The Defendants engaged Drain Services to remedy these issues and Drain Services did just that, performing exemplary work and doing so with appropriately sound materials.

4. Yet the Defendants have elected to not pay Drain Services for this work and for these materials, instead ignoring the Debtor's ultimate invoice of $62,000.00.

5. Drain Services is a debtor in bankruptcy, endeavoring to reorganize under Chapter 11 and relying on its customers to pay their debts as they come due; the Defendants' refusal to pay for the services and materials they were provided is damaging Drain Services in an ongoing and material fashion. This suit is accordingly brought to seek redress.

**Parties**

6. Drain Services is a North Dakota corporation and a debtor-in-possession, having petitioned for relief under Section 301 of Title 11 of the United States Code on October 2, 2023.

7. Mr. and Ms. Pfau are natural persons who, upon information and belief, were *bona fide* citizens of the State of Minnesota at all times relevant, by virtue of their ongoing maintenance of a primary domicile therein. It is believed the Defendants may have subsequently relocated outside the State of Minnesota, now residing in either Anne Arundel County, Maryland and/or Sussex County, Delaware.

2

**Jurisdiction and Venue**

8. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(A, O) of Title 28 of the United States Code, as this case concerns the administration of the Debtor's estate and the liquidation of an account receivable that constitutes an asset of the Debtor's estate.

9. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter relates to a proceeding under Title 11 of the United States Code.

**General Allegations**

10. The Defendants, facing an emergency sewer malfunction, engaged Drain Services to investigate and remedy the issue.

11. On or about October 2, 2023, Drain Services first performed investigative work, endeavoring to assess and diagnose the sewer-centric issues being encountered at the Defendants' home.

12. Drain Services thereafter worked to remedy the issue by, *inter alia*, excavating the site, obtaining appropriate permits, performing traffic control functions, dewatering a trench, furnishing appropriate materials of a sturdy and reliable nature, removing and replacing piping, hauling away waste, and removing backfilling material.

13. On or about October 6, 2023, Drain Services presented the Defendants with a detailed and itemized invoice for these services and materials, totaling $62,000.00.

14. The Defendants have failed and refused to pay the invoice at all times since.

## Count I – Breach of Contract

15. Drain Services repeats and realleges paragraphs 1-14 of this Complaint, as though fully set forth herein.

16. There existed an oral contract between Drain Services and the Defendants, whereby Drain Services agreed to (i) triage the drain-centric issues at the Defendants' residence; (ii) procure materials requisite to remedy those issues; and (iii) furnish skilled labor to remedy those issues, with the Defendants, in turn, agreeing to compensate Drain Services for its labor and materials.

17. Drain Services performed fully under this oral contract, carrying out the work it was engaged to perform.

18. The Defendants have breached their obligations under this oral contract by failing to pay Drain Services for the services and materials provided.

19. Drain Services has been damaged by this breach in a sum equal to $62,000.00, being the value of the services and materials provided.

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) enter judgment in favor of Drain Services, and against the Defendants, jointly and severally, in the sum of $62,000.00; and (ii) afford such other and further relief as may be just and proper.

## Count II – Promissory Estoppel

20. Drain Services repeats and realleges paragraphs 1-14 of this Complaint, as though fully set forth herein.

21. This count is pleaded in the alternative to Counts I and III, pursuant to Federal Rule of Civil Procedure 8(a)(3).

22. The Defendants promised Drain Services that the Defendants would compensate Drain Services for labor and materials furnished in connection with a repair of the Defendants' drain and sewer system.

23. The Defendants reasonably understood this promise would induce Drain Services to carry out the subject work, as Drain Services is a commercial entity that performs work on a for-profit basis, and the promise of compensation was clearly directed at inducing Drain Services to undertake such work.

24. Drain Services agreed to – and did – perform the subject work, and provide the necessary materials, based upon this promise.

25. Drain Services was justified in relying on this promise, as it is customary in the services industry for contractors and repair persons to be compensated for their efforts and materials.

26. The Defendants have failed to abide by this promise, declining to pay Drain Services the $62,000.00 invoiced for the project, creating a substantial and actual injustice that can only be avoided through enforcement of the promise.

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) enter judgment in favor of Drain Services, and against the Defendants, jointly and severally, in the sum of $62,000.00; and (ii) afford such other and further relief as may be just and proper.

## Count III – Unjust Enrichment

27. Drain Services repeats and realleges paragraphs 1-14 of this Complaint, as though fully set forth herein.

28. This count is pleaded in the alternative to Counts I and II, pursuant to Federal Rule of Civil Procedure 8(a)(3).

29. The Defendants' home had a failed sewer system, impairing the Defendants' ability to use their plumbing facilities and demonstrably lessening the value of the real estate asset in an era when functional indoor plumbing is reasonably expected to be present in most urban dwellings.

30. The Defendants have been thusly enriched by Drain Services' repair of the Defendants' sewer system, permitting the Defendants to again use their own plumbing facilities and restoring value to the Defendants' home.

31. Drain Services, in contrast, has been impoverished by its repair work, expending human resources on the subject project, furnishing materials for the subject project, and forbearing from applying those human resources and materials to other projects for which Drain Services would have been promptly remunerated.

32. There is no legal or equitable justification for the Defendants' enrichment at the expense of Drain Services' impoverishment; Drain Services should be compensated for its services and materials, having never so much as intimated that it would be willing to carry out this project on a *gratis* basis.

33. Insofar as this count is expressly pleaded in the alternative, success upon this count would necessarily require a finding that Drain Services has no other remedy at law.

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) enter judgment in favor of Drain Services, and against the Defendants, jointly and severally, in the sum of $62,000.00; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

              Respectfully submitted,

Dated: January 27, 2024   By:  /s/ Maurice B. VerStandig
                Maurice B. VerStandig, Esq.
                The Dakota Bankruptcy Firm
                1630 1st Avenue N
                Suite B PMB 24
                Fargo, North Dakota 58102-4246
                Phone: (701) 394-3215
                mac@dakotabankruptcy.com
                *Counsel for the Debtor*