UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                                  Bankruptcy No. 23-30352
                                                                        Chapter 11, Subchapter V
Drain Services Inc.,

                Debtor.
_____/

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
## PLAN OF REORGANIZATION

Debtor Drain Services Inc. filed an Amended Subchapter V Plan of Reorganization on December 22, 2023. Doc. 108. Debtor served the plan and notice of confirmation hearing and related deadlines. Doc. 109. The Subchapter V Trustee, the United States Trustee, Tony Hamilton and Choice Financial Group filed objections to the amended plan. Docs. 114, 120, 121 and 122. Only three creditors returned ballots, two of which voted to reject the plan. Doc. 134. The United States Small Business Administration filed a Reply of No Objection. Doc. 137.

The Court held a confirmation hearing on January 29, 2024. Prompted by some of the objections, Debtor filed Drain Services, Inc.'s Second Amended Subchapter V Plan of Reorganization. Doc. 142. Upon review of the Second Amended Subchapter V Plan, the Court finds that the revisions in it do not adversely affect the substantive rights of creditors and other interested parties who received notice of the original plan. The revisions address the United State Trustee's and Subchapter V Trustee's objections.

Based on the Second Amended Subchapter V Plan (Doc. 142), the plan exhibits and the evidence received at the confirmation hearings held on December 12, 2023 and January 29, 2024, and for the reasons stated on the record, the Court finds:

    1.    The Second Amended Subchapter V Plan includes a brief history of

Debtor's business operations, a liquidation analysis and projections showing Debtor's ability to make payments under the plan.  Under the Second Amended Plan, administrative expenses will be paid in full on the effective date of the plan.

2. The Plan complies with the applicable provisions of Chapter 11.

3. Although interested parties argued that Debtor failed to comply with all applicable provisions of the Bankruptcy Code and the Court's orders, the Court finds that Debtor promptly disclosed and addressed the violations and cured the violations it had the ability to cure.  Given the nature of the violations, the business purposes offered in support of its choices and all the circumstances of this case, the Court finds that denying confirmation based on the violations alleged by interested parties would be inconsistent with the purposes of the Bankruptcy Code.  See In re Moore & Moore Trucking, LLC, 2022 WL 120189,  at *5 (Bankr. E.D. La. Jan. 12, 2022).  Choice Financial Group's objection is overruled.  The Court finds that Debtor complied with 11U.S.C. § 1129(a)(2).

4. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the Amended Subchapter V Plan, deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor liquidated its assets on the Effective Date under Chapter 7 of the Bankruptcy Code.  As a result, the requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

5. In 2011, Debtor established a sewer repair and rehabilitation business which it maintained for more than 12 years.  Its diverse customer base, work performance and reputation for offering emergency services suggest that its recent financial challenges are temporary and there is opportunity for success in the future.  Debtor's cash flow projections and supporting testimony establish Debtor will generate earnings or other income sufficient to meet its needs and make its proposed payments over the term of the plan.  Accordingly, the plan is feasible.  The plan provides for appropriate remedies in the event Debtor fails to make all the payments under the plan.

6. The term of the Amended Subchapter V Plan is reasonable and appropriate under the circumstances.

7. Debtor is making its best efforts and has proposed the Amended Subchapter V Plan in good faith and not by any means forbidden by law.

8. The Second Amended Subchapter V Plan is a nonconsensual plan. Objecting parties argue that Debtor is not devoting disposable income to the plan as required by section 1191(c)(2) because it offered an additional distribution to unsecured creditors only if Debtor's average operating account balance is in excess of $75,000 for 90 days.  The evidence shows that the reserve is necessary to protect against shortfalls in this cyclical and somewhat unpredictable business, to allow for capital expenditures when necessary to improve profitability and to grow the business. Accordingly, the Court finds that the $75,000 proposed reserve is necessary for the continuation, preservation and operation of this

business. The objections are overruled. Debtor met its burden of establishing that the plan does not discriminate unfairly and is fair and equitable.

9. Based on the terms of the plan, Debtor will act as disbursing agent. The Subchapter V Trustee shall perform the other duties listed in section 1183(b).

10. The Amended Subchapter V Plan meets the other applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

Accordingly, IT IS ORDERED that Drain Services, Inc's Second Amended Subchapter V Plan of Reorganization [Doc. 142] is CONFIRMED under 11 U.S.C. § 1191(b).

Dated: January 30, 2024.

*Shon Hastings*

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT

Copy served January 30, 2024, to Attorney Maurice VerStandig for service.