IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**FINAL APPLICATION OF THE
DAKOTA BANKRUPTCY FIRM FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
IN CONNECTION WITH REPRESENTATION OF DRAIN SERVICES, INC.**

Come now Maurice B. VerStandig and The Dakota Bankruptcy Firm (collectively, "DBF"), counsel for the above-captioned debtor (the "Debtor" or "Drain Services"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for final allowance of compensation of (i) $14,970.00 in attorneys' fees previously approved pursuant to an interim order (DE #147); (ii) reimbursement of $498.16 in expenses previously approved pursuant to an interim order (DE #147); (iii) an additional $5,280.00 in attorneys' fees; and (iv) reimbursement of an additional $401.68 in expenses; (v) all credited against $6,762.00 in fees previously taken, pursuant to the interim order (DE #147), from trust; resulting in (vi) an administrative claim in the amount of $14,387.84 (being inclusive of – and not in addition to – the previously-approved administrative claim of $8,706.16), and in support thereof state as follows:

I.   **Introduction**

This was – and is – a difficult case by the standards of a Subchapter V bankruptcy. The Debtor operates a drain-and-plumbing-centric business that furnishes essential services to various communities. Drain Services' cash flow, however, is often punctuated by ebbs and flows that stymie the normative budgeting process (as is perfectly sensible in the prism of the subject

1

industry), and certain expenses during the pre-confirmation stages of this case invited more scrutiny than would those of many other Subchapter V debtors-in-possession. These eccentricities were occasionally compounded by other business decisions that required unorthodox assessment and explanation.

Notwithstanding these hurdles, however, the Debtor did ultimately propose an amended plan of reorganization that was confirmed by this Honorable Court, even if over the objection of certain other parties in interest. Drain Services is now in the process of performing under that plan, with the payment process on the cusp of beginning in earnest.

This fee application is filed because (i) it is appropriate to seek an award of final compensation following a plan's confirmation, insofar as any post-confirmation activities would be seemingly beyond the purview of Section 330;[1] and (ii) DBF is moving, of even date herewith, to withdraw as the Debtor's counsel, for reasons immaterial to this application.

## II.     Recitations Pursuant to Applicable Law

1.     The services for which compensation is herein sought were performed between January 21, 2024 and March 5, 2024. Maurice VerStandig performed all billable work.

2.     A prior application, for the allowance of interim fees and expenses, was approved on February 15, 2024, permitting interim fees in the amount of $14,970.00 and interim expenses in the amount of $498.16. DE #147. Of the approved sum, $6,762.00 has been paid out of trust, with the rest remaining due, to be paid in accord with the Debtor's plan of reorganization.

---

[1] There is some ambiguity to this point. If the concurrently-filed motion to withdraw is not granted, DBF may file one or more subsequent fee applications, for post-confirmation services, so as to ensure there is no appearance of end-running the rigors of the Bankruptcy Code. In so doing, DBF would likely seek a ruling – one way or the other – as to how this Honorable Court perceives the allowance of post-confirmation fees.

3. Complete time records for attorney work are appended hereto as Exhibit A. Portions of the time records have been redacted to protect privileged information from public disclosure. To the extent this Honorable Court believes it necessary to review the redacted time entries, so as to assess this application, DBF asks this application be construed as a motion, pursuant to Local Rule 5005-3(A) and the ECF User's Manual, to file the subject records under seal.

4. Records of expenses incurred are included in the time records appended hereto as Exhibits A.

5. The compensation sought hereunder, if approved, will be paid in accord with the Debtor's confirmed plan of reorganization.

6. There is no agreement for DBF to share compensation with any third party, though (i) DBF is operated by the same professionals and laypersons as The VerStandig Law Firm, LLC, a law firm that is wholly owned by Maurice VerStandig; and (ii) fees earned by DBF are paid to The VerStandig Law Firm, LLC and used to cover that entity's general overhead expenses, including salaries paid to non-attorney staff persons.

### III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded – and compensation requested – for each such project category (during the time period following the interim application) is as follows:

a. Business Operations – 4.5 Hours - $1,350.00

b. Case Administration – 7.4 Hours – $2,220.00

c. Plan and Disclosure Statement – 5.7 Hours – $1,710.00

### IV. Hourly Rate

Pursuant to DBF's pre-petition agreement with the Debtor, time has been billed in this case at the reduced rate of $300.00 per hour. DBF has charged time at the rate of $400.00 per hour for

3

other cases in this Honorable Court, and DBF's principal generally charges new clients at rates between $450.00 and $500.00 per hour for work in other judicial districts.

## V. Travel Time and Expenses

DBF does not seek compensation for time spent traveling to and from North Dakota, nor reimbursement for the expenses incurred in connection with such travel. As such, while there have been in-person court appearances occasioned by these cases, the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars.

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

## VI. Description of Services Rendered

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of these cases, whether in the form of papers filed or the notation of hearings attended. By way of a generalized description, however, DBF notes that services included the following:

    a.    Advising the Debtor in connection with case-centric matters;

    b.    Endeavoring to negotiate a consensual plan of reorganization;

    c.    Representing the Debtor in connection with a contested confirmation hearing;

    d.    Advising the Debtor in connection with a collection-centric adversary proceeding; and

    e.  Advising the Debtor on post-confirmation matters, including furnishing a detailed rundown of all forward-looking obligations and deadlines, so as to ensure the reorganized entity has optimal chances of succeeding.

**VII. Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) finally approve and ratify the fees and expenses previously awarded in the gross sum of $15,468.16, on an interim basis; (ii) approve an additional $5,280.00 in attorneys' fees; (iii) approve an additional $401.68 in reimbursable expenses; (iv) award The Dakota Bankruptcy Firm an administrative claim (net of fees already collected) in the sum of permit The Dakota Bankruptcy Firm to apply the retainer of $6,762.00 it is holding against the approved fees and expenses; (v) allow The Dakota Bankruptcy Firm an administrative claim of $14,387.84, to be paid by the Debtor in accord with the confirmed plan of reorganization; and (vi) afford such other and further relief as may be just and proper.

                 Respectfully submitted,

Dated: March 10, 2024    By:  /s/ Maurice B. VerStandig
                 Maurice B. VerStandig, Esq.
                 The Dakota Bankruptcy Firm
                 1630 1st Avenue N
                 Suite B PMB 24
                 Fargo, North Dakota 58102-4246
                 Phone: (701) 394-3215
                 mac@dakotabankruptcy.com

*[Certificate of Service on Following Page]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit B (but not of this application or the other exhibits) is being sent, on the 11th day of March, 2024, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit C.

/s/ Maurice B. VerStandig
Maurice B. VerStandig