IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DRAIN SERVICES, INC. | ) | |
| | ) | Adversary No. 24-07001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH PFAU, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO WITHDRAW AS COUNSEL**

Comes now Maurice B. VerStandig and The Dakota Bankruptcy Firm (collectively, "DBF"), pursuant to Local Rule 9010-2(D) and D.N.D. Gen. L.R. 1.3(F)(3), and move to withdraw as counsel for Drain Services Inc. ("Drain Services" or the "Debtor"), and in support thereof state as follows:

I.   **Introduction**

For reasons extrapolated upon *infra*, certain irreconcilable differences have arisen between the Debtor and DBF. As such, the undersigned respectfully asks the appearance of DBF and himself be stricken.

II.   **Standard**

While the withdrawal of counsel in a case is firmly reserved to the discretion of this Honorable Court, case law suggests such ought to be permitted where an attorney has "shown good cause and demonstrated that further representation may jeopardize their ability to comply with the rules of professional conduct," including where "there has been a fundamental breakdown in

1

cooperation and communication." *Sutton v. Buchanan*, 2022 U.S. Dist. LEXIS 25874, at *3 (E.D. Mo. 2022). Though there are necessary concerns about the protection of attorney/client privileged communications, counsel "nonetheless must provide the Court with an adequate factual basis for its request to withdraw as counsel of record." *BSD, Inc. v. Equilon Enters.*, 2013 U.S. Dist. LEXIS 33416, at *8 (N.D. Cal. 2013).

### III. Argument: Withdrawal is Appropriate

Certain irreconcilable differences have arisen between the Debtor and DBF, highlighted by a breakdown in communications. Without extrapolating upon privileged information, DBF conferred particularized and specific advice upon one agent of the Debtor, only to discover a separate agent of the Debtor shortly thereafter took action in contravention of said advice. The actions in derogation of DBF's advice have created a prism whereby DBF believes it is in a subjectively – but *not* demonstrably objectively – weakened position to advocate for the Debtor, impairing the ability of DBF to carry on as counsel herein.

During the life of this proceeding, other occurrences have caused DBF periodic discomfort; while those historic anecdotes contextually inform the election to seek withdrawal at this juncture, DBF does not maintain any singular prior occurrence created a paradigm necessitating withdrawal. DBF is prepared to extrapolate upon these prior issues, while also shedding added light on the matter alluded to in the foregoing paragraph, under seal or *in camera*, should this Honorable Court believe such to be necessary to assess the instant motion.

### IV. Conclusion

WHEREFORE, Maurice B. VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court strike their appearance on behalf of the Debtor herein, as well as in the

2

related adversary proceeding jointly captioned above, and afford such other and further relief as may be just and proper.

                                                        Respectfully submitted,

Dated: March 10, 2024        By:    /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                The Dakota Bankruptcy Firm
                                                1630 1st Avenue N
                                                Suite B PMB 24
                                                Fargo, North Dakota 58102-4246
                                                Phone: (701) 394-3215
                                                mac@dakotabankruptcy.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system. A copy is also being served upon Drain Services, via e-mail to kevin@drainservicesinc.com of even date and via US Mail, postage prepaid, on March 11, 2024, to:

Drain Services, Inc.
c/o Kevin Cameron
415 Main Ave E
Ste 691
West Fargo, ND 58078

                                                          /s/ Maurice B. VerStandig
                                                        Maurice B. VerStandig