IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | Case No. 23-30352 |
| ) | (Chapter 11) |
| DRAIN SERVICES INC. ) | |
| ) | |
| Debtor. ) | |
| _____) | |

### NOTICE OF DEFAULT

NOTICE IS HEREBY GIVEN that Drain Services Inc. ("Drain Services" or the "Reorganized Debtor") has defaulted under the terms of Drain Services, Inc.'s Second Amended Subchapter V Plan of Reorganization (the "Plan," as found at DE #142) insofar as certain fees and expenses due to Maurice B. VerStandig and The Dakota Bankruptcy Firm, LLC (collectively, "Former Counsel") have not been paid.

Former Counsel's fees and expenses were approved by this Honorable Court on April 10, 2024, allowing an administrative expense claim, to be paid under the Plan, in the sum of $14,387.84 (the "Administrative Expense Claim").[1] DE #157. The Plan calls for the Administrative Expense Claim to be paid, in full, by the close of April 2024. Plan, DE #142, at § 3.02; Plan, DE #142, at Exhibit L (DE #142-12). As of the filing of this notice, a partial payment of $4,353.08 was made on July 2, 2024 but no other portion of the Administrative Expense Claim has been paid.[2] The sum of $10,034.76 remains due and owing to Former Counsel.

---

[1] An interim application, permitting an administrative expense claim of $8,706.16, was approved on February 15, 2024. DE #147. That interim award was subsequently subsumed within the Administrative Expense Claim when fees and expenses were allowed on a final basis.

[2] In certain post-confirmation discussions, Former Counsel indicated a willingness to be paid on slightly-deferred terms. Without regard to whether the sum and substance of such communications are properly relatable, Fed. R. Evid. 408, no discussion was ever had—and, as such, no arrangement was ever reached—whereby payments would be delayed to any date even vaguely proximate to the beginning of September 2024.

1

For the avoidance of ambiguity, this Honorable Court permitted Former Counsel to collect certain monies from a retainer being held, in addition to the Administrative Expense Claim. The monies to be paid from that retainer have been collected; Former Counsel does not mean to suggest that no compensation aside from the $4,353.08 payment has been received, and any inference along such lines would be misleading.

Pursuant to the Plan, the Debtor has 30 days to cure the default of which notice is given herein. Plan, DE #142, at § 8.05. Should the Debtor fail to do so, various remedies will then—and only then—become available to Former Counsel. *Id*.

Drain Services operates a strong and promising business that furnishes essential services to the community. Former Counsel is sincerely hopeful the default observed herein may be timely cured, so the Reorganized Debtor can continue to not only carry on its business but, too, so the Plan may be substantially consummated for the benefit of all creditors and equity holders.

                Respectfully submitted,

Dated: September 5, 2024      By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      The Dakota Bankruptcy Firm
                                      1630 1st Avenue N
                                      Suite B PMB 24
                                      Fargo, North Dakota 58102-4246
                                      Phone: (701) 394-3215
                                      mac@dakotabankruptcy.com

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of September, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies also being sent via US Mail, postage prepaid, to:

Drain Services Inc.
415 Main Ave E
Suite 691
West Fargo, ND 58078

and

Erik A. Ahlgren, Esq.
Ahlgren Law Office, PLLC
220 W. Washington Ave.
Suite 105
Fergus Falls, MN 56537

        /s/ Maurice B. VerStandig
        Maurice B. VerStandig