UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Drain Services, Inc.,                                                 Bankruptcy No. 23-30352
                                                                               Chapter 11, Subchapter V

                 Debtor.

Drain Services, Inc.,

                 Plaintiff,

v.                                                                         Adv No. 24-07001

Joseph Pfau,
Cecilia Pfau,

                 Defendants.

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into this 16th day of October, 2024, by and among Drain Services, Inc., a North Dakota corporation and debtor-in-possession ("Debtor"), and Joseph Pfau and Cecelia Pfau (collectively "Defendants").

### RECITALS

**WHEREAS**, on October 2, 2023, Drain Services, Inc. ("Debtors") filed a petition for relief under Section 301 of Title 11 of the United States Bankruptcy Code; and

**WHEREAS**, on January 30, 2024, Debtor's Plan under 11 U.S.C. § 1191(a) was confirmed; and

**WHEREAS**, The Defendants engaged Debtor to remedy emergency sewer issues and Debtor performed work on Defendants' real property, invoicing Defendants $62,000.00 for said work; and

**WHEREAS**, on January 27, 2024, Debtor commenced an adversary proceeding in the

1

Bankruptcy Court, Adversary No. 24-07001 seeking to recover the amount invoiced for the work performed for Defendants (the "Adversary Proceeding"); and

**WHEREAS,** in order to avoid further litigation and to resolve the issues among them, the Parties have entered into this Agreement to resolve any and all disputes, claims, actions, causes of action, demands and damages relating to the Adversary Proceeding.

**NOW THEREFORE**, the parties hereby stipulate and agree as follows:

1. <u>Bankruptcy Court Approval.</u> Within five (5) business days of execution of this Agreement by the Parties, the Debtor shall file a notice of settlement or compromise (the "Notice") with the Bankruptcy Court for entry of an Order approving this Agreement ("the Order"). The Parties acknowledge that this Agreement is subject to approval by the bankruptcy court. In the event that the bankruptcy court does not approve the Agreement by entry of a final, non-appealable order, this Agreement shall be null and void and of no force and effect against any of the Parties.

2. <u>Settlement Payment.</u>  Defendants shall pay Debtor a total of FORTY-FIVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($45,500.00) as the Settlement Payment.  The Settlement Payment shall be payable as follows: 1) $21,500 payable upon execution of this Agreement to Ahlgren Law Office PLLC Trust Account, which shall be paid to Debtor upon the final entry of Order approving this settlement; 2) Defendants agree to apply 100% of any equity from the sale of the home towards the Settlement Payment, and 3) monthly installments in the amount of $2,000 for a period of twelve (12) months due and payable directly to Debtor on the first of each month starting the first month after final entry of the Order approving this settlement.

3. <u>Stipulation of Dismissal/Release of Lien.</u>   Within seven (7) business days after the entry of the Order, the Debtor will file the stipulation to dismiss the Adversary Proceeding with

2

prejudice and without award of costs to any party. Debtor will release the liens recorded on the property owned by the Defendants at Closing upon receipt of payment.

4. <u>Release of Claims.</u> Effective upon the later of receipt of the Settlement Payment in good funds or court approval of this Agreement, the parties hereto irrevocably and fully release and forever discharge each other and their respective representatives, agents, predecessors, successors, permitted assigns, parents, subsidiaries, affiliated entities, and all persons acting by, through, under or in concert with any of them, whether acting in an individual or representative capacity, of and from any and all actions, manner of actions, causes of action, suits, proceedings, debts, contract claims, liabilities, monies, reimbursements, judgments, promises, covenants, claims, complaints, controversies, damages, costs and expenses (including attorneys' fees and costs actually incurred), and demands of any kind, whether known or unknown, direct or indirect, liquidated or unliquidated, in law or equity, contract or tort, that the Debtor or the Defendants may now have, ever had, or ever may have, arising from or relating to claims asserted in the Adversary Proceeding. The Parties represent and warrant that they have not transferred or assigned or otherwise sold any portion of their claims, interests, defenses or causes of action of any nature whatsoever that each party is releasing or assigning hereunder and that each such party is the sole owner of all such respective claims, interests, defenses or causes of action.

5. <u>Legal Representation.</u> Each Party hereto acknowledges and represents that it is represented by a licensed attorney with respect to this Agreement. Each Party represents and declares that in executing this Agreement, it has relied solely upon its own judgment, belief and knowledge, and the judgment, belief, and knowledge of an attorney of its choice, concerning the nature, extent and duration of its rights and claims, and that it has not been influenced to any extent whatsoever in executing this Agreement by any representations or statements by any party that are

3

not expressly contained or referred to herein. Because each Party's attorney has reviewed this Agreement, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

6. <u>No Admission</u>. Neither this Agreement, any provision in this Agreement, any document referred to in this Agreement nor any action taken to carry out this Agreement is or may be construed as or may be used against any of the parties hereto or third parties as an admission or concession on any point of fact or law, of any alleged fault, wrongdoing or liability whatsoever. All Parties acknowledge and agree that this Agreement has been entered into solely for purposes of settlement. If for any reason the Agreement and the settlement embodied herein is not consummated, this Agreement and anything said or done pursuant to this Agreement or as part of the negotiations leading to this Agreement shall be null and void and shall not be used in this or any other proceeding for any purpose.

7. <u>Governing Law</u>.  This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of North Dakota without giving effect to such state's laws addressing conflicts of law.

8. <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, all of which taken together shall constitute one instrument. This Agreement may be executed by exchange of facsimile or electronic copies of original executed signatures and each such copy shall be deemed to be an original executed signature.

9. <u>Entire Agreement.</u> This Agreement sets forth the complete agreement of the parties with respect to the subject matter hereof and may not be modified, waived or changed, except by a writing signed by the party to be bound thereby.  This Agreement is binding upon the parties and their respective successors and assigns.

**WHEREFORE**, each of the parties hereto executes and delivers this Agreement as of the date first set forth above.

Date: October __, 2024

*Caitlyn Cameron*
Caitlyn Cameron (Oct 16, 2024 14:46 CDT)
_____
Drain Services, Inc.
By Caitlyn Cameron
Its President

Date: October ___, 2024

_____
Joseph Pfau

Date: October __, 2024

_____
Cecelia Pfau

5

**WHEREFORE**, each of the parties hereto executes and delivers this Agreement as of the date first set forth above.

Date: October __, 2024

_____
Drain Services, Inc.
By Caitlyn Cameron
Its President

Date: October ___, 2024

_____
Joseph Pfau

10 / 16 / 2024

Date: October __, 2024

*Cecilia Pfau*

_____
Cecilia Pfau

5

Doc ID: a3071c99551e4c1a1ae2b860a9d0173c894c97aa

**WHEREFORE**, each of the parties hereto executes and delivers this Agreement as of the date first set forth above.

Date: October __, 2024

                                              Drain Services, Inc.
                                              By Caitlyn Cameron
                                              Its President

Oct 16, 2024
Date: October ___, 2024

                                              *JOSEPH PFAU*

                                              Joseph Pfau

Date: October __, 2024

                                              Cecelia Pfau

5