## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 23-30352 |
| DRAIN SERVICES INC., | Chapter 11 |
| Debtor. | |

## NOTICE OF DEFAULT AND MOTION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE

NOTICE IS HEREBY GIVEN that Drain Services Inc. (the "Debtor") has defaulted under its Second Amended Subchapter V Plan of Reorganization (the "Plan") [ECF 142 at § 8.05]. Notice is further given that Brookwood Estates MHC, LLC ("Brookwood"), by and through its counsel, hereby moves this Court for allowance of an administrative expense in the amount of $205,575 pursuant to 11 U.S.C. §§ 365(g)(2) and 503(b)(1).

### Notice of Default under Section 6.01 of the Plan

1.       Brookwood owns and manages a community of mobile homes located in West Fargo, North Dakota ("Brookwood Estates").

2.       In September 2023, Brookwood hired Debtor to perform a sewer rehabilitation project for Brookwood Estates (the "Project"). Debtor completed detailed on-site measurements of the Project and quoted Brookwood a total cost of $411,150. A true and correct copy of the Debtor's proposal for the Project (the "Proposal") is attached as **Exhibit A**.

3.      Brookwood accepted the Proposal and on September 27, 2023, Brookwood wired $205,575 to Debtor's account ending in -9319 to prepay half the cost of the Project (the "Deposit").

4.      Just a few days later, Debtor filed the above-captioned voluntary Chapter 11 bankruptcy case on October 2, 2023. Notwithstanding the fact that Debtor had recently entered into an agreement with Brookwood and accepted the Deposit, Debtor did not include Brookwood, the Project, or the Deposit on its schedules, nor did it provide notice of the bankruptcy case to Brookwood. [ECF 6, 51, 112]

5.      In June 2025, Debtor informed Brookwood that it would not start work on the Project unless Brookwood agreed to increase the scope and cost of the project by $139,000 (the "Additional Project"). Debtor unilaterally changed the terms of the Proposal, increasing the cost of the Project to Brookwood from $411,150 to $550,150 – nearly two years after the Proposal was submitted to and accepted by Brookwood.

6.      On August 29, 2025, Debtor's counsel sent a letter to Brookwood demanding that it agree to use the Deposit to fund the Additional Project no later than September 5, 2025. The letter further stated that if Brookwood did not agree to the Additional Project, "we will treat the Project as it if has been terminated" (such letter, the "Project Termination Letter"). A true and correct copy of the Project Termination Letter is attached as **Exhibit B**. Notably, the Project Termination Letter was written by Debtor's counsel, and yet it still does not acknowledge the Debtor's bankruptcy case.

7.      After hiring counsel, Brookwood finally learned of the timeline of the Proposal and Debtor's bankruptcy case: Debtor accepted the Deposit with full knowledge of the impending bankruptcy case and deliberately failed to schedule or provide notice to

Brookwood throughout the pendency of the case; Debtor then filed and confirmed the Second Amended Subchapter V Plan of Reorganization (the "Plan") on January 30, 2024, again with no efforts to provide notice of Brookwood. [ECF 142, 143]

8. Section 6.01 of the Plan purports to assume all "agreements to perform work for any customers," such as Brookwood, presumably to justify the retention of customer deposits and to "kick the can down the road" with respect to performance.

9. Debtor did not even disclose the customer deposits to the Bankruptcy Court, let alone provide evidence that it segregated and retained customer deposits during its bankruptcy case. After presumably commingling the Deposit and using it to fund the bankruptcy case, Debtor has now fabricated a reason why it should be permitted to retain the Deposit without performing any work related to the Project. Because the Debtor has repudiated its agreement to complete the Project and refused to perform under the executory contract with Brookwood, the Debtor is in direct contravention of Section 6.01 of the Plan. And thus, notice is now hereby given of Debtor's default under Section 6.01 of the Plan.

<u>Brookwood is Entitled to Allowance of a CH 11 Administrative Expense</u>

10. As explained above, Debtor and Brookwood are parties to a prepetition executory contract related to the Project. To date, Brookwood has performed by paying Debtor $205,575, which represents half of the amount due to Debtor for completion of the Project. To date, Debtor has performed no work at Brookwood Estates.

11. In Section 6.01 of the Plan, Debtor assumed its executory contracts with customers such as Brookwood as of January 30, 2024. The Project Termination Letter, however, confirms Debtor's intent to "terminate" its prepetition agreement with Brookwood as of September 5, 2025. Pursuant to Section 365(g)(2)(A) and Rule 6006, Brookwood seeks

3

an order stating that Debtor is deemed to have rejected its prepetition agreement with Brookwood as of September 5, 2025.

12.     Moreover, because the agreement was previously assumed post-petition, it created a post-petition obligation of the estate. <u>In re Multech Corp., 47 B.R. 747, 749-50 (Bankr. N.D. Iowa 1985).</u> Under Section 365(g), Debtor's post-assumption repudiation constitutes a post-petition breach of its agreement with Brookwood. Moreover, Debtor has retained the Deposit for over two years without performing any work on the Project, so Brookwood has provided a benefit to the estate worth $205,575. For all the foregoing reasons, Brookwood is now entitled to allowance of a Chapter 11 administrative expense in the amount of $205,575 under 11 U.S.C. 503(b)(1).

<u>Conclusion</u>

WHEREFORE, Brookfield gives notice of Debtor's default under Section 6.01 of the Plan.  Brookfield respectfully requests that this court enter an order fixing the date of rejection as September 5, 2025 and allowing Brookwood an administrative expense claim in the amount of the Deposit, and awarding any other relief the court deems just and equitable.

4

Dated: November 13, 2025.

**VOGEL LAW FIRM**


BY: */s/ Kesha L. Tanabe*
    Caren W. Stanley (#06100)
    cstanley@vogellaw.com
    Kesha L. Tanabe (#0387520)
    ktanabe@vogellaw.com
    218 NP Avenue
    PO Box 1389
    Fargo, ND  58107-1389
    Telephone: 701.237.6983
    *ATTORNEYS FOR BROOKWOOD ESTATES MHC, LLC*

## VERIFICATION

I, Michelle Oppelt, am a Vice President of Property Management and a duly authorized representative of Brookwood Properties. I have read the foregoing notice of default and motion for allowance of an administrative expense. The facts stated therein are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.


_____
Michelle Oppelt

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 23-30352 |
|---|---|
| DRAIN SERVICES, INC., | Chapter 11 |
| Debtor. | |

## PROPOSED ORDER

This matter came before the court upon a Notice of Default and Motion filed by Brookwood Estates MHC, LLC ("Brookwood") pursuant to 11 U.S.C. §§ 362(d), 365(g) and 503(b)(1). Based on the record herein, the court finds that cause exists to warrant the requested relief.

IT IS ORDERED:

1.   Debtor is deemed to have rejected its prepetition executory contract with Brookwood as of September 5, 2025.

2.   Brookwood is entitled to allowance of an administrative expense in the amount of $205,575 in the above captioned case.

Dated:

_____
United States Bankruptcy Judge

# EXHIBIT A



**PROPOSAL**

415 Main Ave E
Unit #691
West Fargo, ND 58078
701.799.8787

9/12/2023

**TO** Brookwood Estates
C/O Neil

**JOB** Brookwood Estates
Sanitary Sewer Rehabilitation
Phase 1 – ADD MH 5-28

| CATEGORY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| INSPECTION | Cleaning and inspection will occur as the project progresses. Proposal to include:<br>1. CIPP mains to include cleaning and CTTV before and after<br>2. CIPP T-Liner for laterals to include lateral/connection cleaning before and after<br>3. Vac-A-Tee for any laterals that do not have accessible cleanouts | INCLUDED | INCLUDED |
| CIPP SEGMENTS | Cure In Place Pipe (CIPP) for the following manhole segments:<br>1. MH 5-4     90 FEET<br>2. MH 22-5     215 FEET<br>3. MH 18-22     240 FEET<br>4. MH 14-18     170 FEET<br>5. MH 28-14     110 FEET<br>6. MH 50-28     222 FEET<br>7. MH 4 TO CITY 130 FEET<br><br>1,177 FEET | $150.00/FT | $176,550.00 |
| CIPP T-LINER | CIPP T-LINER at each lateral connection to the mains that have been lined:<br>1. MH 5-4     4 TEES<br>2. MH 22-5     7 TEES<br>3. MH 18-22 4 TEES<br>4. MH 14-18 4 TEES<br>5. MH 28-14 4 TEES<br><br>23 TEES | $6,000.00/EA | $138,000.00 |
| VAC-A-TEE | Vac-a-tee at laterals where there is not an accessible cleanout. Cleanout access is necessary for T-Liner installation. Backfill of all materials removed included.<br><br>23 LATERALS | $4,200.00/EA | $96,600.00 |
| **50% AT PROPOSAL ACCEPTANCE**<br>**25% AT CIPP LINER INSTALLATION**<br>**25% AT CIPP T-LINER INSTALLATION** | | SUBTOTAL | |
| | | SALES TAX | |
| | | TOTAL | $411,150.00 |

THANK YOU FOR YOUR BUSINESS!

**EXHIBIT B**



**CO 1**

415 Main Ave E
Unit #691
West Fargo, ND 58078
701.799.8787

6/12/2025

**TO**  Brookwood Estates
C/O Jim

**JOB**  Brookwood Estates
Sanitary Sewer Rehabilitation
Phase 1 CO 1

| CATEGORY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| INSPECTION | Cleaning & CCTV operations have revealed defective infrastructure that will prevent the successful installation of all CIPP segments, Tliners, and Vac-A-Tees.<br><br>The manhole inverts are eroded, broken, and missing in all structures. The inverts connect to the base of the manhole structure which are access points for maintenance upstream and downstream. The inverts will need to be reinforced for CIPP liner segment end seals to be installed properly. Liner end seals provide a mechanical lock between liner segments and manhole inverts. Recommend rehabilitation of the manhole inverts, bases, and vertical structures.<br><br>The laterals that have been inspected are showing multiple fractures that will impede and/or prevent successful installations of TLiners and Vac-A-Tees. Recommend extending each TLiner from 10 FEET to 40 FEET to bring CIPP all the way to house connections where the sewer lateral transverses from horizontal to vertical. | INCLUDED | INCLUDED |
| MANHOLE REHAB | Manhole rehabilitation for the affected manholes:<br><br>MH4, MH5, MH22, MH18, MH14, MH28, MH50<br><br>Rehab to include cleaning/vacuuming debris, removal of broken concrete, removal of broken ladders, cement grouting of inverts/bases, cement spin cast of MH structure from base to iron frame/lid.<br><br>7 STRUCTURES | $10,000.00/EA | $70,000.00 |
| CIPP TLINER EXTENSIONS | CIPP TLiner extensions at each of the affected properties. TLiners will be extended from 10 FEET to 50 FEET.<br><br>30 FOOT EXTENSION X 23 PROPERTIES = 690 FEET | $100.00/FT | $69,000.00 |
| **50% AT CO1 ACCEPTANCE**<br>**50% AT PROJECT COMPLETION** | | SUBTOTAL | |
| | | SALES TAX | |
| | | TOTAL | $139,000.00 |

THANK YOU FOR YOUR BUSINESS!

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>DRAIN SERVICES, INC.,<br><br>Debtor. | Case No.:  23-30352<br><br>Chapter 11 |

## CERTIFICATE OF SERVICE

On November 20, 2025, the undersigned caused the Notice of Default and Motion for Allowance of an Administrative Expense to be served electronically on all ECF Filing Participants and to be served by United States postal mail on Debtor:

*/s/  Kesha L. Tanabe*
Kesha L. Tanabe