**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: | Case No.: 23-30352 |
| | Chapter 11 |
| Drain Services, Inc., | |
| Debtor. | |

**BROOKWOOD ESTATES MHC, LLC'S PREHEARING BRIEF**

On November 21, 2025, Brookwood Estates MHC, LLC ("Brookwood") filed its Notice of Default and Motion for Allowance of an Administrative Expense (the "Motion").[1] Through the Motion, Brookwood averred that it had a prepetition executory contract with Drain Services, Inc. ("Drain Services") that Drain Services assumed under Section 6.01 of Drain Services, Inc.'s Second Amended Subchapter V Plan of Reorganization (the "Second Amended Plan").[2] Brookwood further averred that, post-confirmation of the Second Amended Plan, Drain Services breached the assumed executory contract with Brookwood. Accordingly, the Motion sought for Brookwood an administrative expense against Drain Services. Drain Services timely objected to the Motion.[3] An evidentiary hearing is currently set before the Court on the Motion on May 13, 2026, at 9:30 a.m.[4] Brookwood submits this Prehearing Brief

---

[1]    See generally ECF No. 211.

[2]    *See* ECF No. 142, at 17 ("Debtor also assumes all executory contracts . . . for . . . the purchase of goods and/or services from the Debtor.").

[3]    *See generally* ECF No. 214.

[4]    *See generally* ECF No. 218.

to address threshold issues of law regarding the Court's authority consider the Motion and award the relief sought therein.

## LAW AND ARGUMENT

**I.      The Court has jurisdiction to consider the Motion under 28 U.S.C. § 1334 as a "core proceeding."**

The bankruptcy jurisdiction statute—Section 1334(b) of Title 28—provides "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[5]  So written, there are three categories of cases for which bankruptcy jurisdiction may exist: (1) cases arising under title 11; (2) cases arising in a case arising under title 11; and (3) cases related to cases under title 11.[6]

Bankruptcy proceedings are divided into two categories, core proceedings and non-core, but related, proceedings.[7]  Core proceedings are those which either "arise under" Title 11 or "arise in" a case under Title 11.[8]  "Claims 'arising under' Title 11 are 'those proceedings that involve a cause of action created or determined by a statutory provision of title 11' . . . [and] 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."[9]

---

[5]   28 U.S.C. § 1334(b).

[6]   *Id.*

[7]   *McDougal v AgCountry Farm Credit Servs. (In re McDougal)*, 587 B.R. 87, 90 (B.A.P. 8th Cir. 2018) (citing *Specialty Mills, Inc v Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995)).

[8]   *GAF Holdings, LLC v Rinaldi (In re Farmland Indus, Inc)*, 567 F.3d 1010, 1017 (8th Cir. 2009).

[9]   *Id.* at 1018 (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir.1987).  Comparably, non-core related proceedings "do not invoke a substantive right created by federal bankruptcy law and

"A proceeding to determine a request for payment of administrative expenses . . . is a 'core proceeding'—one arising under title 11, or arising in a case under title 11—for purposes of the jurisdictional provisions of 28 U.S.C. § 1334(b) and § 157(A)-(b)."[10]  In other words, Brookwood's Motion—that seeks payment of an administrative expenses—renders the Motion a "core proceeding" for purposes of this Court's jurisdiction because it is a proceeding to allow an administrative expense arising under Title 11 that would have not existed outside bankruptcy.

II.     **The Bankruptcy Code, as well as the terms of Drain Services' Second Amended Plan, allow the Court to enter an administrative expense as sought in the Motion.**

Beyond jurisdiction in a constitutional sense, this Court must also determine whether it can still award Brookwood the requested administrative expense.  It can.  The plain terms of the Second Amended Plan specifically reserved for this Court jurisdiction "to determine any and all . . . contested matters; to determine issues or disputes relating to the assumption of executory contracts and any claims related thereto; to determine disputes as to classification or allowance of claims or interests[.]"[11]  In other words, the Second Amended Plan specifically provides for the Court to consider the Motion.

Consideration of Brookwood's request for an administrative expense is also appropriate under the Bankruptcy Code.  Section 503(a) of the Bankruptcy Code generally governs the

---

could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills*, 51 F.3d at 774 (citation omitted).

[10]    *Matter of EP Energy E&P Company, L.P.*, 169 F.4th 609, 621 (5th Cir. 2026) (citing *In re Chesapeake Energy Corp.*, 70 F.4th 273, 281 (5th Cir. 2023) ("[A] reorganized debtor often must resolve, post-confirmation, the amounts owed on proofs of claim, administrative claims, preference and fraudulent transfer claims, and attorneys' fees, all of which fall within 'core' bankruptcy jurisdiction." (emphasis added))).

[11]    ECF No. 142, at 20.

3

timing of requests for administrative expenses, providing: "[a]n entity may timely file a request for payment of an administrative expense . . . ."[12]  When a plan does not establish a deadline for requests for administrative expenses, a request post-confirmation request is "timely" for purposes of Section 503(a).[13]  Because the Second Amended Plan does not establish a request deadline for administrative expenses, and instead simply providing that payment of administrative expenses will occur "within 30 days of the effective date[,]"[14] the Motion is timely under Section 503(a).

And even if this Court were to determine that the Motion is untimely, Section 503(a) still allows for an untimely request "if permitted by the court for cause."[15]  Brookwood is unaware of a previously decision from this Court, or a binding decision within the Eighth Circuit, for the test to determine "cause" under Section 503(a).  But "[s]everal courts have addressed the meaning of the phrase 'for cause' in section 503(a) by, among other things, referring to the *Pioneer* [*Investment Services Company v. Brunswick Associates Limited Partnership*] factors."[16]  When viewed through the *Pioneer* factors—

> "cause" under section 503(a) should be determined by examining all relevant factors, including (i) the prejudice to the party requesting an administrative

---

[12]   11 U.S.C. § 503(a).

[13]   *See, e.g.*, *In re Jarriel*, 518 B.R. 140, 145-46 (Bankr. S.D. Ga. 2014) ("The parties acknowledge that the Court has not set a bar date for administrative expense claims and no such bar date was ever requested.  Accordingly, the Application will be deemed timely for purposes of § 503(a)." (footnote omitted)); *In re Canton Jubilee, Inc.*, 253 B.R. 770, 775-76 (Bankr. E.D. Tex. 2000); *In re Atcall, Inc.*, 284 B.R. 791, 798 (Bankr. E.D. Va 2002) ("Without a bar date, there is no deadline for filing a request for payment or obtaining an order allowing it.").

[14]   ECF No. 142, at 6.

[15]   11 U.S.C. § 503(a).

[16]   *In re Cripps*, 549 B.R. 836, 857-58 (Bankr. W.D. Mich. 2016) (citations omitted).

4

expense, (ii) the prejudice to other parties in interest, most notably the debtor, (iii) the cause of the delay, (iv) the length of the delay, (v) the reason for the delay and whether it was in the control of the movant, and (vi) whether the movant acted in good faith."[17]

Based on the foregoing factors, cause exists.  First, Brookwood would be prejudiced if the request were not allowed in that Brookwood provided beneficial services to Drain Services in connection with the bankruptcy case—namely, the $205,575.00 that Brookwood paid to Drain Services, that Drain Services has retained without providing the goods and services owing.  As to the third, fourth, and fifth factors, the reason for the delay was entirely outside of Brookwood's control as Drain Services did not reject the executory contract until September 5, 2025, when Drain Services unilaterally breached the agreement.  Finally, Brookwood has acted in good faith, diligently pursuing its administrative expense after the expense ripened through Drain Services' unilateral decision.  "Cause" exists.

And awarding Brookwood an administrative expense would also be within the temporal limits of this Court's authority.  Courts have authority to award an administrative expense until the cessation of the bankruptcy estate,[18] and Drain Services' bankruptcy estate still exists.

---

[17]   *Id.* (citing *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382-83 (1993)).

[18]   *Cf. Ellis v. Westinghouse Electric Co., LLC*, 11 F.4th 221 (3d Cir. 2021) ("[T]he only temporal limit is with the existence of the estate, not the date of plan confirmation.  Because administrative expenses preserve the bankruptcy 'estate,' what matters is that the claim accrues against the estate before it ceases to exist.  *See* 11 U.S.C. § 503(b)(1)(A).  While typically the estate ends when the plan is confirmed, the plan can extend the life of the estate to a later date such as the effective date.  *See* [*In re*] *Venoco* [*LLC*], 998 F.3d [94,] 107 n.14 [(3d Cir. 2021)]; *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 588–89 (9th Cir. 1993) (holding that where the plan 'unambiguously provides for the continuation of the estate post-confirmation,' there can be allowed postconfirmation administrative expense claims); *see also* 11 U.S.C. § 1141(b).").

Accordingly, Brookwood's Motion is timely, both under the "cause" requirement of Section

503(a), and under the temporal limits of this Court's jurisdiction.

**III.     Brookwood's allegation of a prepetition executory contract that Drain Services assumed through the Second Amended Plan, then later repudiated, is proper basis for an administrative claim.**

Lastly, to the extent the Court is concerned whether Brookwood's allegations—that

Drain Services assumed a prepetition executory contract with Brookwood through the Second

Amended Plan, then repudiated that contract post-confirmation without refunding

Brookwood[19]—are properly classified as an administrative expense, they are.  The rejection of

a prepetition executory contract constitutes a breach, and is treated as a prepetition claim by

the Bankruptcy Code.[20]  But where the contract is assumed, a claim for breach of that contract

that occurs during the bankruptcy case is treated as an administrative claim.[21]  Therefore, if

---

[19]   Brookwood is intentionally avoiding arguing the veracity of these allegations in this Prehearing Brief, instead believing such factual disputes are best addressed through the evidence that will be offered on May 13, 2026. *Cf.* ECF No. 214 (factually dispute whether a contract had been formed between Brookwood and Drain Services, and whether Drain Services breached the agreement).

[20]   *See* 11 U.S.C. § 365(g)(1) ("the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease . . . if such contract or lease has not been assumed under this section or under a plan . . . immediately before the date of the filing of the petition").

[21]   *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531-532 (1984) ("Should the debtor-in-possession elect to assume the executory contract . . . the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate." (citing 11 U.S.C. § 503(b)(1)(A)); *see also In re Vision Metals, Inc.*, 311 B.R. 692, 699 (Bankr. D. Del. 2004) ("A 'post-petition breach or rejection after a prior assumption is afforded priority as an administrative expense claim' pursuant to section 365(g)(2)(A)." (quoting *In re Pearson*, 90 B.R. 638, 642 (Bankr. D.N.J. 1988) (citation omitted))); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321 (Bankr. E.D. Pa. 1988) ("Generally, if the executory contract is assumed, the estate is liable for the full performance of the contract and any subsequent postpetition breach or rejection creates an administrative expense claim." (citing *Bildisco*, 465 U.S. 513)).

Brookwood establishes the prepetition existence of an executory contract that Drain Services assumed through the Second Amended Plan, and then later repudiated, such proof entitles Brookwood to an administrative expense against Drain Services.

### CONCLUSION

For the foregoing reasons, this Court has jurisdiction to consider whether to award Brookwood an administrative expense, and should adjudicate Brookwood's request on the merits at the evidentiary hearing.

Dated this 6th day of May, 2026.

**VOGEL LAW FIRM**

BY: /s/ Drew J. Hushka
    Drew J. Hushka (#08230)
    dhushka@vogellaw.com
    Joshua A. Swanson (#06788)
    jswanson@vogellaw.com
    Kesha L. Tanabe (#0387250)
    ktanabe@vogellaw.com
    218 NP Avenue
    PO Box 1389
    Fargo, ND  58107-1389
    701.237.6983
    ATTORNEYS FOR BROOKWOOD ESTATES
    MHC, LLC