**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br><br>Drain Services, Inc.,<br><br>             Debtor. | Case No.:  23-30352<br><br>Chapter 11, Subchapter V |

**STIPULATION TO RESOLVE BROOKWOOD ESTATES MHC, LLC'S**
**NOTICE OF DEFAULT AND MOTION FOR ALLOWANCE OF AN**
**ADMINISTRATIVE EXPENSE**

Debtor and Brookwood Estates MHC, LLC ("Brookwood"), by and through their undersigned counsel, hereby stipulate as follows:

**Summary of Brookwood's Motion and the Debtor's Objection**

1.      On November 21, 2025, Brookwood filed its Notice of Default and Motion for Allowance of an Administrative Expense (the "Motion").  [ECF 211]. The Motion was based on a sewer rehabilitation project Debtor was hired to perform for Brookwood (the "Project").

2.      On December 11, 2025, Debtor filed an objection to the Motion (the "Objection").  [ECF 214].

**Mutual Consent to Entry of Order Resolved**

The Motion and Objection are currently set for an evidentiary hearing on May 13, 2026. To avoid the expense and delay of a full evidentiary hearing on the Motion and Objection, on May 7, 2026, Debtor and Brookwood agreed to resolve the Motion and Objection by consenting to entry of an order with the following key terms:

a. The request of Brookwood for an administrative expense against Debtor shall be allowed in the amount of $125,000.00, pursuant to 11 U.S.C. § 503.

b. Brookwood agrees to the payment of the administrative expense upon such other terms as agreed upon by the Parties.

c. Inasmuch as the administrative expense is being paid beyond the five-year horizon Drain Services' Second Amended Plan, Drain Services understands that a discharge will not be granted as to the debt owed to Brookwood.

d. Except as relating to the enforcement of this Stipulation and the amount owed by Debtor to Brookwood pursuant to this Order, and any other related document, Debtor and Brookwood hereby release and forever discharge each other from all liability of any nature whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, fixed or contingent which Debtor or Brookwood had or now has against the other related to or arising from the Project.

e. Brookwood agrees to release Kevin Cameron and Caitlyn Cameron and forever discharge them from all liability of any nature whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, fixed or contingent which Brookwood had or now has against the other related to or arising from the Project.

Dated: June 15, 2026.

**AHLGREN LAW OFFICE, PLLC**


BY:*/s/  Erik A. Ahlgren*
     Erik A. Ahlgren (#09561)
     220 West Washington Ave, Ste 105
     Fergus Falls, MN 56537
     Phone: (218) 998-2775
     erik@ahlgrenlawoffice.net
     *Counsel for the Debtors*


**VOGEL LAW FIRM**


BY:*/s/  Drew J. Hushka*
     Kesha L. Tanabe
     ktanabe@vogellaw.com
     Drew J. Hushka (#08230)
     dhushka@vogellaw.com
     218 NP Avenue
     PO Box 1389
     Fargo, ND  58107-1389
     701.237.6983
     *Counsel to Brookwood Estates MHC, LLC*

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Case No.:  23-30352 |
| | Chapter 11, Subchapter V |
| Drain Services, Inc., | |
| Debtor. | |

**AGREED ORDER**

This matter came before the Court upon a Notice of Default and Motion for Allowance of an Administrative Expense filed on November 21, 2026, by Brookwood Estates MHC, LLC in the above-captioned bankruptcy case (the "Motion").  The Motion was based on a sewer rehabilitation project Debtor was hired to perform for Brookwood (the "Project"). Debtor Drain Services, Inc. ("Drain Services"), timely filed an objection to the Motion.  Based on the record herein and the agreement of the parties, the Court hereby orders as follows:

1.      The request of Brookwood for an administrative expense from Debtor shall be allowed in the amount of $125,000.00, pursuant to 11 U.S.C. § 503.

2.      Brookwood agrees to the payment of the administrative expense upon such other terms as agreed upon by the Parties.

3.      Inasmuch as the administrative expense is being paid beyond the five-year horizon Drain Services' Second Amended Plan, Drain Services understands that a discharge will not be granted as to the debt owed to Brookwood.

4.      Except as relating to the enforcement of this Order and the amount owed by Debtor to Brookwood pursuant to this Order, and any other related document, Debtor and

4

Brookwood hereby release and forever discharge each other from all liability of any nature whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, fixed or contingent which Debtor or Brookwood had or now has against the other related to or arising from the Project.

5.      Brookwood agrees to release Kevin Cameron and Caitlyn Cameron and forever discharge them from all liability of any nature whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, fixed or contingent which Brookwood had or now has against the other related to or arising from the Project.

Dated:

_____
U.S. Bankruptcy Judge