**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br>Drain Services, Inc.,<br><br>Debtor. | Case No.: 23-30352<br><br>Chapter 11, Subchapter V |

**MOTION OF BROOKWOOD ESTATES MHC, LLC TO CONVERT THIS CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Brookwood Estates MHC, LLC ("Brookwood"), a creditor and party in interest, by and through its undersigned counsel, respectfully moves this Court under 11 U.S.C. § 1112(b) for an order converting this Subchapter V case of Drain Services, Inc. ("Drain Services" or the "Debtor") to a case under Chapter 7 of the Bankruptcy Code. In support, Brookwood states as follows:

## INTRODUCTION

1. Drain Services' confirmed Subchapter V plan requires it to pay Brookwood's allowed $125,000.00 administrative expense in full. It has failed to make a single payment on that administrative expense. When Brookwood served a written Notice of Default under the Plan, Drain Services failed to respond, and did not cure. Debtor's post-confirmation default is a material default with respect to a confirmed plan and is, standing alone, "cause" to convert this case under 11 U.S.C. § 1112(b)(4)(N).

## RELIEF REQUESTED

2. Brookwood seeks entry of an order (a) finding that cause exists under 11 U.S.C. § 1112(b); (b) converting this case from Chapter 11, Subchapter V, to a case under Chapter 7

of the Bankruptcy Code; and (c) granting such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested is 11 U.S.C. § 1112(b). The Plan itself preserves this remedy, providing that on default creditors will have all rights provided for in the Bankruptcy Code, "including Section 1112 thereof, inclusive of its allowances for the bringing of a motion to convert this proceeding to one under Chapter 7." ECF No. 142, at 19, § 8.05.

## BACKGROUND

5. On October 2, 2023, Drain Services commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V.

6. The Court confirmed Debtor's Second Amended Subchapter V Plan of Reorganization (the "Plan"). *See generally* ECF No. 142. Under the Plan, Debtor assumed all executory contracts for the purchase of goods and/or services from the Debtor, including its contract with Brookwood. *See id.* at 17-18, § 6.01.

7. On November 21, 2025, Brookwood filed a Notice of Default and Motion for Allowance of an Administrative Expense, arising from a sewer rehabilitation project Debtor was hired to perform for Brookwood. *See generally* ECF No. 211. Debtor objected. *See generally* ECF No. 214.

8. The parties resolved the motion and objection by a Stipulation, and on June 15, 2026, the Court entered its Order (the "Order"). *See generally* ECF No. 227. The Order provides that Brookwood's "request for an administrative expense is allowed in the sum of $125,000.00, pursuant to 11 U.S.C. § 503." *Id.* at 1. Because the administrative expense is paid beyond the Plan's five-year horizon, "a discharge will not be granted as to the debt owed to Brookwood." *Id.*

9. To effectuate payment of the allowed administrative expense, Drain Services executed a Promissory Note in the principal amount of $125,000.00 (the "Note"), payable in twenty-five (25) monthly installments of $5,000.00 each, due the first day of each month from July through November in 2026 through 2030. The Note's events of default include any missed payment, and on default the holder may declare the entire unpaid balance immediately due. The Note is secured by a Confession of Judgment of even date, in which the Debtor's vice-president confessed judgment to Brookwood for $125,000.00 (less payments made after May 7, 2026), and admitted the debt was just and owing with no defenses.

10. Drain Services failed to make the payments due on July 1, August 1, September 1, and October 1, 2026. As of the date of this Motion, the total past-due amount is $20,000.00, and the total outstanding balance is $125,000.00.

11. On August 28, 2026, Brookwood served a written Notice of Default under Section 8.05 of the Plan, identifying the payment default and demanding cure within thirty (30) days as the Plan requires. The thirty-day period has expired and the default remains uncured.

## LEGAL STANDARD

12. On the request of a party in interest, and after notice and a hearing, the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). While the movant bears the initial burden of establishing cause, *see In re Keeley & Grabanski Land P'ship*, 460 B.R. 520, 539 (Bankr. D.N.D. 2011); *Loop Corp. v. U.S. Tr.*, 379 F.3d 511, 517-18 (8th Cir. 2004), once cause is shown, Section 1112(b)(1) directs the court to convert or dismiss, whichever is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

13. Section 1112(b)(4) sets out a non-exclusive list of what constitutes "cause," including: the "inability to effectuate substantial consummation of a confirmed plan;" and a "material default by the debtor with respect to a confirmed plan." 11 U.S.C. § 1112(b)(4)(M) & (N). "Cause" can arise after confirmation of a plan, and courts may convert a confirmed Chapter 11 case to Chapter 7 based on a debtor's post-confirmation plan default. *See In re Patel*, 621 B.R. 245, 249 (Bankr. E.D. Cal. 2020) (creditor holding a defaulted plan obligation moved to convert confirmed Chapter 11 case); *In re Mifate Cab Corp.*, No. 22-10665 (JLG), 2025 WL 1232616, at *1 (Bankr. S.D.N.Y. Apr. 26, 2025) (Subchapter V trustee moved to convert after post-confirmation payment defaults); *see also In re Faaland*, 37 B.R. 407, 409 (Bankr. D.N.D. 1984) (material default under a confirmed plan is cause under the parallel Section 1307(c)).

## ARGUMENT

### I. Debtor's uncured, material default on the Plan is cause to convert under Section 1112(b)(4)(N).

14. Nonpayment of an obligation required by a confirmed plan is a "material default by the debtor with respect to a confirmed plan" and thus "cause" under 11 U.S.C. § 1112(b)(4)(N). *In re Patel*, 621 B.R. at 258; *see also In re Faaland*, 37 B.R. at 409 (confirmed-plan default is cause under the parallel Section 1307(c)(5)). The default here is neither technical nor trivial: Debtor agreed to, and the Court ordered, payment of Brookwood's allowed $125,000.00 administrative expense. Debtor has failed to make any payment. Brookwood gave the written notice and thirty-day cure opportunity the Plan requires, and the default remains uncured. Cause is established.

### II. Continued reorganization is futile: there is no reasonable likelihood of rehabilitation and Debtor cannot effectuate substantial consummation of the Plan.

15. Cause independently exists because the reorganization has failed. A debtor that cannot pay the obligations its confirmed Plan requires demonstrates the "inability to effectuate substantial consummation of a confirmed plan" under Section 1112(b)(4)(M). *See Loop Corp.*, 379 F.3d at 516 (a debtor unable to effectuate any confirmable plan, and with no reasonable likelihood of rehabilitation, supplies cause); *In re Keeley*, 460 B.R. at 539-40 (no reasonable likelihood of confirming a plan within a reasonable time). The Plan was predicated on continued operations generating sufficient cash flow to pay its creditors over time. *See* ECF No. 142, at 2-3. Its failure to make even a single payment to Brookwood shows that the operational premise of the Plan has not been met.

16. This futility also answers any suggestion that a lesser remedy would suffice. Enforcement of the Order—an order directing Debtor to pay—would be ineffective because

Debtor apparently lacks the financial ability to comply, and a payment or contempt order cannot conjure funds that do not exist. Where the Debtor cannot perform, continued administration under Chapter 11 serves only to deplete the estate to the prejudice of creditors, while conversion to Chapter 7 substitutes an orderly, trustee-supervised liquidation for a reorganization that has ceased to function.

## III. Brookwood is a party in interest, and no unusual circumstances or curable-default exception defeats conversion.

17. Brookwood, as the holder of the unpaid allowed administrative claim, is plainly a "party in interest" with standing to seek conversion, and a creditor holding a defaulted plan obligation may bring the motion. *See In re Keeley*, 460 B.R. at 539 (creditors joined in and prevailed on a motion to convert).

18. The narrow exception in Section 1112(b)(2) does not apply. That provision bars conversion only where the court identifies "unusual circumstances" establishing that conversion is not in the best interests of creditors and the estate, and the debtor establishes both a reasonable likelihood of a timely plan and a reasonable justification for a curable default. *See* 11 U.S.C. § 1112(b)(2); *In re Keeley*, 460 B.R. at 545-46 (once cause is shown, the burden shifts to the debtor to establish the narrow Section 1112(b)(2) exception, which requires all three statutory showings). Here, the Plan is already confirmed and the Debtor has defaulted on it; Debtor's failure to make any payment to Brookwood, or to cure the default upon formal notice from Brookwood, shows that the default is not one that will "be cured within a reasonable period of time[.]" 11 U.S.C. § 1112(b)(2)(A).

## IV. Conversion serves the best interests of the creditors and the interests of justice.

19. Once cause is shown, the Court converts or dismisses, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). That determination is committed to the Court's discretion. *Loop Corp.*, 379 F.3d at 515; *In re Lumber Exch. Bldg. Ltd. P'ship*, 968 F.2d 647, 648 (8th Cir. 1992); *In re Midland Marina, Inc.*, 259 B.R. 683, 686 (B.A.P. 8th Cir. 2001); *In re Keeley*, 460 B.R. at 535.

20. Conversion—not dismissal, and not continued administration of a failed reorganization—best protects creditors here. Conversion installs an independent Chapter 7 trustee charged with marshaling and liquidating the Debtor's assets for the benefit of all creditors, investigating the Debtor's financial affairs, and pursuing any estate causes of action. Dismissal, by contrast, would abandon creditors to a race to the courthouse and leave the Debtor's assets unadministered. Continued reorganization would allow the ongoing diminution of the estate to persist while the Debtor remains unable to perform.

21. Conversion likewise serves the interests of justice. Drain Services obtained the benefits of confirmation—including the assumption of Brookwood's contract and the resolution of Brookwood's administrative-expense motion on the eve of an evidentiary hearing—and then failed to honor its bargained-for obligation. Allowing a debtor to retain the benefits of a confirmed plan while defaulting on its material obligations, with no ability to cure, would reward non-performance. Conversion ends that inequity and subjects Debtor's assets to the orderly, transparent process Chapter 7 provides.

## NOTICE AND PROCEDURE

22. Notice of this Motion has been or will be given to: (i) Debtor and its counsel; (ii) the Subchapter V Trustee; (iii) the Office of the United States Trustee for the District of North Dakota; (iv) Bank of the West and the United States Small Business Administration; (v)

holders of the twenty (20) largest unsecured claims; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. Brookwood submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23. No prior request for the relief sought herein has been made to this Court or any other court.

## RESERVATION OF RIGHTS

24. Brookwood expressly reserves all rights and remedies under the Note, the Confession of Judgment, the Order, the Plan, the Bankruptcy Code, and applicable non-bankruptcy law, including its right to enforce the June 15, 2026, Order and to pursue collection on the Confession of Judgment. The relief requested here is in addition to, and not in lieu of, those remedies, and nothing in this Motion waives any of them.

## CONCLUSION

WHEREFORE, Brookwood respectfully requests that the Court enter an order (i) finding that cause exists under 11 U.S.C. § 1112(b); (ii) converting this case from Chapter 11, Subchapter V, to a case under Chapter 7 of the Bankruptcy Code; and (iii) granting such other and further relief as is just and proper.

Dated this 8th day of October, 2026.

**VOGEL LAW FIRM**

BY: /s/ Drew J. Hushka
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
ATTORNEYS FOR BROOKWOOD ESTATES MHC, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Drain Services, Inc.,<br><br>Debtor. | Case No.: 23-30352<br><br>Chapter 11, Subchapter V |

**NOTICE OF MOTION OF BROOKWOOD ESTATES MHC, LLC TO CONVERT THIS CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(B)**

NOTICE IS HEREBY GIVEN that the Brookwood Estates MHC, LLC has filed a Motion to Convert ("**Motion**"). A copy of the Motion is attached and served upon you.

NOTICE IS FURTHER GIVEN that written objections to said Motion, if any shall be filed with the Clerk of the US Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 201, Fargo, North Dakota 58102-4932 within FOURTEEN (14) days from the date of the mailing of this notice. Any objections not filed and served may be deemed waived.

Dated this 8th day of October, 2026.

**VOGEL LAW FIRM**

BY: /s/ Drew J. Hushka
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
ATTORNEYS FOR BROOKWOOD ESTATES MHC, LLC